# Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company *v.* Peck.

[No. 20,593. Filed November 28, 1905.]

1. PLEADING. — *Complaint.—Negligence.—Facts.—Conclusions.*— A complaint for damages on account of personal injuries must show the facts from which defendant's duty arises and must also show that defendant negligently failed to perform such duty, the mere allegations that a duty existed and that defendant failed to perform such duty being insufficient. p. 540.

2. SAME.—*Inferences.*—A pleading must stand upon its allegations and not upon inferences. p. 540.

3. SAME. — *Complaint.—Railroads.—Rules.—Duty.*—Where certain conduct is prescribed by the rules of a railroad company and an employe is injured by reason of the breach of such rules, his complaint must show that such rules prescribe such conduct, that the offending employe negligently failed to perform such conduct and that by reason thereof plaintiff was injured. p. 541.

4. SAME.—*Negligence.—General Allegation.*—A general allegation of negligence is not sufficient to show both a legal duty and a violation thereof. p. 542.

5. SAME. — *Complaint. — Alternative Allegations.* — Alternative allegations usually destroy a pleading. p. 542.

From Cass Circuit Court; *Joseph M. Rabb,* Special Judge.

Action by Charles M. Peck against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*George E. Ross,* for appellant.
*Kistler & Kistler,* for appellee.

JORDAN, J.—Appellee, on January 10, 1903, by a complaint in four paragraphs, instituted this action to recover for personal injuries sustained by him on account of the alleged negligence of appellant railway company.

The first and third paragraphs of the complaint were dismissed, and the cause tried on the second and fourth. A demurrer to each of the latter paragraphs for insufficiency of facts was overruled. On the issues joined the case was tried by a jury, and a verdict returned awarding appellee damages in the sum of $2,400. The court, over appellant's motion for a new trial, rendered judgment upon the verdict.

The errors assigned are to the effect that the court erred in overruling appellant's demurrer to each of the aforesaid paragraphs of the complaint upon which the cause was tried, and in denying its motion for a new trial.

It appears to be conceded by the parties that both the second and fourth paragraphs are based on the fourth subdivision of section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901). Said section provides: "Every railroad or other corporation, * * * operating in this State, shall be liable for damages for personal injuries suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases: * * * Fourth. Where such injury was caused by the negligence of any person in the service of such corporation who has charge of any * * * locomotive engine or train upon a railway."

The fourth paragraph of the complaint alleges that the defendant, appellant herein, is a corporation organized under the laws of the State of Indiana, and owns and operates a steam railroad within and through said State, and within and through the city of Logansport, therein. It is alleged that in the latter city, on March 8, 1902, and long prior thereto, the defendant as a part of its railway system owned and operated a railway yard, consisting of various switches, tracks and spurs, extending in an easterly direction from a point near Berkley and Canal streets to a point near Seventeenth street in said city. On said day the plaintiff, appellee herein, was in the employ of the defendant as a switchman, engaged with others of its em-

ployes in switching cars, making up and separating trains of cars, and in discharging duties usually required of a switchman in a railway yard. There was used by the defendant for the purpose of switching and making up trains, etc., a locomotive engine which was in charge of a locomotive engineer who was an employe of the defendant. This engine was operated in the yards and on the tracks of the company. About 8 o'clock on the night of said day this engine in charge of said engineer was connected or attached to a cut of cars which was standing in said yard, and said cut was pulled in a westerly direction out onto one of the main tracks of the defendant's road for the purpose of clearing a switch which was connected with another track parallel thereto. The cut of cars was drawn past said switch connection and there stopped, "when and where," as stated or alleged by the pleader, "it became the duty of said locomotive engineer not to move or propel said locomotive and cars nor to back the same until signaled to do so by this plaintiff, or the conductor or an employe of said company in charge of and conducting the switching of said cars." The pleading then alleges that the plaintiff rode on the cut of cars in question down to the switch and alighted therefrom, and that after the cars had passed the switch he then "carefully and prudently started to cross said track, and while doing so his foot caught within the equipment of said switch connection and road structure and became fastened and held him secure; that he immediately tried to release himself from such retention, using due care and diligence in that respect, but was unable to do so before the injury hereinafter complained of; that while in such condition, but not being able to extricate himself and get off of said track, and without any signal to do so from this plaintiff or other person whose duty it was to signal such engineer, and in total disregard of his duty in that respect, said engineer in charge of said locomotive engine, as aforesaid, carelessly and negli-

gently backed said cut of cars against and upon this plaintiff, thereby injuring him by crushing, maiming and mangling his right leg," etc.

Appellant's counsel insists that both of the paragraphs in question are insufficient upon demurrer, at least for the reason that each fails to show by the averment of proper facts the existence of any legal duty owing to the plaintiff herein, either by the defendant or the engineer to whom the alleged negligence is imputed. The rule is well and universally settled that, in pleading a cause of action in accident cases to recover for a personal injury or death of a person on account of negligence, it is essential that the complaint contain *inter alia* an allegation or statement of facts by which it is shown that the defendant owed a legal duty to the plaintiff, and that the defendant negligently performed or negligently failed to perform such duty. The mere allegation or conclusion of the pleader standing alone that such a duty existed, or in other words, the absence of facts or circumstances to sustain the allegation or conclusion that the duty existed, is not sufficient as a matter of pleading. *Jeffersonville, etc., R. Co.* v. *Dunlap* (1868), 29 Ind. 426; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, and the many authorities and cases there cited; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143; Black, Law and Pr. in Accident Cas., §150; 14 Ency. Pl. and Pr., 332.

The fourth paragraph, in regard to the question of showing a legal duty owing by the engineer to whom the negligence is imputed, upon which appellee seeks to base his cause of action, certainly falls far short under the facts of coming within the requirements of the rule asserted. It must be remembered that there is a material difference in respect to a matter or question of pleading and one relating to evidence. In pleading or stating a cause of action facts must be directly and positively alleged, while in regard to evidence conclusions may be in-

ferred or warranted from facts or circumstances shown upon the trial. *Laporte Carriage Co.* v. *Sullender* (1905), *ante,* 290.

In *Chicago, etc., R. Co.* v. *Barnes, supra,* this court, in speaking in respect to what is necessary to disclose a legal duty in a pleading, said: "It is not essential to allege that a certain act or line of conduct was a duty imposed upon appellant by law, for, as a general rule, a legal duty may be implied from the acts averred in the pleading."

It will be noted that the paragraph under review, after averring that the engineer stopped the cut of cars at the point in question, then alleges that it became the duty of the engineer not to move or propel the locomotive and cars, nor to back the same, until signaled to do so by the plaintiff or the conductor, etc. The pleading then proceeds to allege that the plaintiff in crossing the track caught his foot in the manner shown, and while in this position it is averred that the engineer, "without any signal to do so from this plaintiff or other person whose duty it was to signal said engineer, * * * carelessly and negligently backed said cut of cars," etc. Aside from the mere averment or conclusion of the pleader, there is nothing in the nature of facts alleged to disclose in any manner that it was the duty of the engineer not to move the locomotive and cars from the point at which they had been stopped unless signaled to do so by the plaintiff. If this duty arose out of any rule or rules of appellant company, or out of any orders or directions given by it, or from anything which required the engineer in charge of the engine in question to be subject to the signal of plaintiff at that particular time, such facts ought to be alleged. Had the pleading upon the point in controversy properly revealed a legal duty owing by the defendant to the plaintiff, then, under a well-settled rule, a violation or breach thereof might have been shown by a general averment of negligence. See *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra; Chicago, etc., R. Co.* v. *Barnes, supra.*

Counsel for appellee, however, in view of their argument, apparently labor under the mistake that a general

4. allegation of negligence will suffice to show both a legal duty and a violation thereof. This is untenable.

The pleading may also be said to be open to the objection that it alleges certain matters and things in the alternative. As a general rule, to plead in the alter-

5. native vitiates the pleading. 1 Chitty, Pleading, *236, *237; *Wheeler* v. *Thayer* (1889), 121 Ind. 64, 67, and authorities cited.

While the second paragraph is not quite as objectionable as the fourth, nevertheless it is open to the same objections which we have pointed out in regard to the latter, and these serve to condemn it.

Other questions are argued by counsel for appellant, but these, in part at least, are settled by the decisions of this court in the case of *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* and later cases. In respect to others it is not clear that they will arise again upon another trial of the cause, therefore we pass them without consideration.

For the error of the trial court in overruling the demurrer to the second and fourth paragraphs of the complaint, the judgment is reversed, with instructions to sustain the demurrer to the paragraphs in question, with leave to appellee to file an amended complaint.