# CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* MCCANDISH, ADMINISTRATOR.

[No. 20,849.    Filed January 15, 1907.]

1. PLEADING. — *Complaint.* — *Negligence.—Railroads.—Highway Crossings.—Travelers.*—In an action by an administrator against a railroad company for negligently killing his decedent at a highway crossing, the complaint must show the facts disclosing a legal duty owing by such company and a negligent performance or failure to perform such duty.    p. 651.

2. RAILROADS.—*Highway Crossings.—Care Required.—Travelers. Trespassers.*—Railroad companies must use ordinary care to prevent injuries to travelers at highway crossings, and must refrain from wilful injuries to trespassers.    p. 652.

3. PLEADING. — *Complaint.* — *Railroads.—Highway Crossings.— Travelers.—Characterizing Persons as.*—A complaint showing that the decedent "was on the east side of said railroad on the public highway * * * and was approaching the main line of the said defendant company * * * and he, * * * to avoid injury from said engine and train of cars, stopped, and

was standing on the side track, awaiting the passage of said engine and train," fails to show that such decedent was a traveler at and on such highway crossing when injured. p. 652.

4. PLEADING.—*Complaint.—Inferences to Supply Facts.*—Necessary facts in a complaint cannot be supplied by intendment or by inference. p. 653.

5. SAME.—*Complaint.—Defective Premises.—Right of Injured Person to Occupy.*—In a complaint for an injury because of defective premises, it is necessary to allege by what right the injured person occupied such premises. p. 653.

6. SAME. — *Complaint. — Negligence.—Duty.—How Shown.*—A complaint for damages for negligence should set out the facts showing the true relationship of the parties from which the duty to use care arises. p. 653.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Action by Harry McCandish, as administrator of the estate of James Bragg, deceased, against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for $3,500, on plaintiff's remittitur of $2,000 from a verdict for $5,500, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*E. C. Field, H. R. Kurrie* and *Crumpacker & Daly,* for appellant.

*Lemuel Darrow* and *H. W. Worden,* for appellee.

MONTGOMERY, C. J.—Appellee, as administrator, brought this action to recover damages for the death of James Bragg. The complaint, omitting the caption and prayer, is as follows: "The plaintiff complains of the defendant, and for his cause of action avers and says that he was duly appointed by the Laporte Circuit Court, as administrator of the estate of James Bragg, on July 9, 1903; that the defendant is, and was at the time hereinafter mentioned, a corporation duly organized under the laws of the State of Indiana, and owned and operated a railway known as the 'Chicago, Indianapolis & Louisville Railway,' over, through, and across the county of Laporte, and other counties in the

State of Indiana; that said railway was constructed across the highway in Dewey township, Laporte county, Indiana, immediately west of the village of Lacrosse, Indiana; that said highway over which said railway is constructed is fifty feet wide, twenty-five feet on each side of the center of the traveled track of said highway; that across said highway and at right angles therewith is located the main line of said defendant's track, and immediately east of said track is located a side-track; that the side-track was on June 20, 1903, filled with box-cars on both sides of the highway, extending from the center of said highway to within a few feet of the switch connecting the side-track with the main line of said defendant, which connection of said side-track with the main line is immediately north of the highway aforesaid where the same crosses the side-track and main track of said defendant; that said cars were allowed to remain on said side-track from June 20, 1903, until and after the injuries hereinafter complained of; that the defendant unlawfully and carelessly suffered and permitted the cars on said side-track to be and remain on the highway within ten feet of the center of the traveled track from June 20, 1903, until June 23, 1903, and there remained a space of but twenty feet for the traveling public to go to and fro over and across said side-track of said defendant at the point where the side-track crosses the public highway; that on June 22, 1903, James Bragg was on the east side of said railroad on the public highway moving westward near that point where the side-track crosses said highway, and was approaching the main line of said defendant, at which time an engine of the company was rapidly approaching the crossing on the main line from the north; that, at the time said Bragg was nearing the main line of said defendant, said James Bragg saw said engine and train of cars rapidly approaching from the north, before he, said Bragg, had crossed said main line, and he, said James Bragg, to avoid injury from said engine

and train of cars, stopped, and was standing on the side-track, awaiting the passage of said engine and train; that the defendant carelessly and negligently allowed a car to be cut loose from said train that was approaching on the main line, and by turning the switch, which was located immediately north of said highway, carelessly and negligently threw said car with great force in and on said side-track; that said car so thrown in on said side-track aforesaid caused the cars that were standing in the highway ten feet from the center of the traveled track aforesaid to move rapidly forward across the public highway with great force and momentum, and said cars struck said James Bragg, and cut, bruised, crushed, and mangled said James Bragg and injured him, said James Bragg, from which injuries said James Bragg died; that said cars so thrown onto said side-track were unaccompanied by an agent or servant, or any person, of said railway company, and were thrown in without any signal or warning to said James Bragg, or any other person or persons; that said James Bragg was an able-bodied man at the time of such injuries, and earned $1.75 per day; that said James Bragg left surviving him a widow and two daughters, now of the ages of seven and nine years, and by reason of the carelessness and negligence of the defendant, and without any fault on the part of said James Bragg, said widow is left without, and deprived of, her husband and support, and said children have been deprived of a father and support, to their damage in the sum of $20,000."

Appellant's demurrer for want of facts to this complaint was overruled, and this ruling, assigned as error, presents the first question for our consideration.

In the class of cases to which this belongs the plaintiff is required to aver in his complaint such facts as disclose a legal duty owing by the defendant, and a negligent

1. performance or negligent failure in the performance of such duty. *Pittsburgh, etc., R. Co. v. Peck*

(1905), 165 Ind. 537, and cases cited. The facts creating the duty should be alleged with such fullness and certainty as to make plain an obligation of duty, and to indicate its character.

The employes of a railway company are required to exercise ordinary care for the safety of travelers while in the use of grade crossings of a highway and railway, but they are only required not to injure wilfully trespassers and mere licensees while upon the right of way of the company. Public highways are established and maintained for the use of travelers, and it is manifest that the duty owing by a railway company to a traveler or passer over a grade crossing is very different from that owing to a mere licensee while upon the same crossing.

It is averred in the complaint that the decedent approached the crossing from the east, saw the engine and cars coming, and stopped on the side-track to avoid injury and await the passage of the engine and train. His destination is not stated, nor is it averred that he intended to pass over the crossing at the time of the accident. He may have been drawn toward the crossing by curiosity, and entered upon the right of way intending to turn back or go in a northwardly or in a southerly direction, so far as the averments of the complaint advise us. It is not in terms alleged that he was upon the highway at the time he was injured, but that fact is shown only by inference. It was not essential to show that he was on his way home, or on an errand of business, but it should be shown by proper averment, if true, that he was intending and about to use the crossing as a traveler or passer over and along the public highway. If in point of fact the decedent was, prior to and at the time of the accident, loitering about the crossing, or seeking shelter from the rain under the cars, he would be required to look out for his own safety, and would not be in a position to exact

of appellant that care which is due to a traveler in the ordinary use of the crossing. In pleading, facts must be directly and positively averred, and the necessary elements to constitute a cause of action will not be supplied by inference and intendment. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537.

In actions for injuries caused by the defective condition of premises it is necessary to allege by what right the person injured was upon the premises at the time of receiving his injury. *South Bend Iron Works* v. *Larger* (1894), 11 Ind. App. 367; *Thiele* v. *McManus* (1891), 3 Ind. App. 132; *Mathews* v. *Bensel* (1888), 51 N. J. L. 30, 16 Atl. 195; *Maenner* v. *Carroll* (1876), 46 Md. 193.

It is equally essential in cases of this character to show the exact relation between the parties from which the duty declared upon arises. The complaint before us does not show that the decedent was a traveler or passer over the highway crossing at which the injury occurred, and in that ordinary use of the same which entitled him to recover for a personal injury inflicted by the negligence of appellant. It follows that the court erred in overruling appellant's demurrer to the complaint.

The judgment is reversed, with directions to sustain the demurrer to the complaint, and grant leave to amend if desired.