# CHICAGO & ERIE RAILROAD COMPANY v. LAIN.

[No. 20,978. Filed February 7, 1908.]

1. PLEADING.—*Complaint.*—*Master and Servant.*—*Employers' Liability Act.*—A complaint alleging that plaintiff was employed by defendant railroad company as a "yard and bridge man"; that the foreman of the switch yards ordered plaintiff to push a car to another place on the track; that defendant negligently * * * and without any warning to plaintiff * * * "permitted and directed" other employes operating an engine to run down on such track and detach a car, at such speed, that it ran upon plaintiff, causing him injuries, does not state a cause of action, since it fails to show that such foreman was under any duty to exercise any care for plaintiff's safety. pp. 86, 89.

2.  PLEADING.—*Complaint.—Master and Servant.—Employers' Liability Act.*—A complaint by a servant, based upon section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908), must state facts sufficient to enable the court to determine whether he has a cause of action under such statute.  p. 87.

3.  NEGLIGENCE.—*Elements.*—The elements of negligence are: (1) Duty of defendant to protect plaintiff from the injury received, (2) failure by defendant to perform such duty, and (3) resulting injury to plaintiff.  p. 88.

4.  PLEADING.—*Complaint.—Negligence.—Omission of Facts.—Characterization of Act as Negligent.*—Where the facts from which the duty springs are all alleged, the characterization of an act as negligently done is a sufficient allegation of negligence.  p. 88.

5.  SAME.—*Negligence.—Duty.—How Alleged.*—The allegation that it was the duty of defendant to do certain things is a mere conclusion of law.  p. 89.

6.  MASTER AND SERVANT.—*Employers' Liability Act.—Foreman.*—Where the foreman of a railroad company directed a servant to push a car to a certain place on the same track, and then directed the engineer of a switch-engine to push another car onto the same track, and such engineer did so in such a careless and negligent manner that said car ran against such servant and injured him, such company is not liable under §8017 Burns 1908, Acts 1893, p. 294, §1, unless under the facts and circumstances said foreman, in the exercise of ordinary care, should have known that the servant was in a place where he would be injured if the car was run onto such track.  p. 89.

7.  PLEADING.—*Complaint.—Recitals.*—A complaint alleging facts by recital only is insufficient.  p. 90.

8.  SAME.—*Complaint.—Master and Servant.—Employers' Liability Act.—Railroads.—Engineers.*—A complaint alleging that the persons in charge of an engine negligently, without notice to the plaintiff, ran their engine, with a freight-car attached, at a reckless speed upon the track where plaintiff was set to work, and negligently disconnected such car and permitted it to run against other cars thereby injuring plaintiff, states no cause of action under the employers' liability act, since it fails to show that such persons or the company owed any duty to plaintiff.  p. 90.

From Fulton Circuit Court; *John C. Nye*, Special Judge.

Action by Henry Leroy Lain against the Chicago & Erie Railroad Company. From a judgment on a verdict for plaintiff for $14,771.50, defendant appeals. Appealed from Appellate Court under subd. 3, §1394 Burns 1908, Acts 1901, p. 565, §10. *Reversed.*

*W. O. Johnson, Holman & Stephenson, C. C. Campbell, Henry Steis, L. J. Hackney* and *U. Z. Wiley,* for appellant.

*George Burson, F. M. Trissal, I. Conner* and *S. Bybee,* for appellee.

Monks, C. J.—Action by appellee for personal injuries. The complaint set out in the transcript is in five paragraphs. The third and fifth paragraphs were withdrawn, and a demurrer "for want of facts" to the other paragraphs was overruled. Trial and judgment in favor of appellee.

The errors assigned call in question the action of the court in overruling the demurrer to each of the paragraphs one, two and four of the complaint.

The cause was tried by the court and the parties upon the theory that the first paragraph of the complaint was under the second clause, and the second and fourth paragraphs were under the fourth clause, of section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901).

The part of said act necessary to be considered in the determination of this case reads as follows: "That every railroad * * * operating in this State, shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases: * * * Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform. * * * Fourth. Where such injury was caused by the negligence of any person in the service of such corporation who has charge of any * * * locomotive engine or train upon a railway."

It appears from the first paragraph of the complaint that appellee was engaged to work for appellant as a "yard and bridge man;" that one Eggleston was foreman of

1.  the switch yards, with authority to direct appellee, and that he directed him "to go to the end of one of

the freight-cars, used in hauling bridge timbers, standing on one of the switch-tracks, and push it to another place on the track on which it was standing." It is not averred that the order was negligent, nor are any facts alleged from which the court can say that it was a negligent order.

The negligence attempted to be charged against said foreman in said paragraph was that he "negligently and carelessly, and without any warning to the plaintiff, and without placing or sending out any flag or signal, and without giving any signal to warn the person in charge of the switching engine not to come onto the track where the plaintiff was at work, or to slacken the speed of said engine and move slowly and cautiously on said track, and without warning said person that the plaintiff was at the place where he was directed to go, permitted and directed the locomotive engine belonging to defendant and operated by its employes to come onto said track at a careless rate of speed, with a car attached, and allowed the men in charge thereof carelessly to detach said car from said engine, and, without any notice or warning, to cause said detached car to run with rapidity and force onto said switch and against and upon plaintiff."

The general rule is that, if a person seeks to maintain an action under the employers' liability act, he must state specially all the facts necessary to bring himself within

2.   its provisions, and thus enable the court to judge whether he has a cause of action under the statute. *American Rolling Mill Co.* v. *Hullinger* (1904), 161 Ind. 673, 687, and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96, 102 Am. St. 185, and cases cited; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 297. Said first paragraph is insufficient for the reason that it fails to show that a duty devolved upon said foreman to exercise care for the safety of appellee.

In *Muncie Pulp Co.* v. *Davis* (1904), 162 Ind. 558, 562, this court said: " 'In every case involving actionable negli-

gence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient.' See, also, *Evansville, etc., R. Co.* v. *Griffin* [1885], 100 Ind. 221, 50 Am. Rep. 783; *Louisville, etc., R. Co.* v. *Sandford* [1889], 117 Ind. 265; *Daugherty* v. *Herzog* [1896], 145 Ind. 255, 32 L. R. A. 837, 57 Am. St. 204; *American Rolling Mill Co.* v. *Hullinger* [1904], 161 Ind. 673; Black, Proof and Pl. in Accident Cas., §138. In pleading the characterization of an act or omission as negligent causes that word to take on a technical significance, but such a charge will not supply averments of fact from which the existence of a duty to exercise care is shown to have existed. It cannot be said to be a proposition of law that the giving of a proper command by a superior servant in every instance imposes upon him the duty of protecting the servant commanded while the latter is engaged in the execution of the order. See *Southern Ind. R. Co.* v. *Martin* [1903], 160 Ind. 280.''

It was said by this court in *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 251: ''It is well settled that a complaint for negligence must disclose by proper averments the existence of a duty upon the part of the defendant, or of the person alleged to be negligent, where it is a case of imputed negligence, as, under an employers' liability act, to exercise care toward the person injured. *Muncie Pulp Co.* v. *Davis* [1904], 162 Ind. 558, 561-563; *American Rolling Mill Co.* v. *Hullinger* [1904], 161 Ind. 673; *Faris* v. *Hoberg* [1892], 134 Ind. 269, 39 Am. St. 261; *Louisville, etc., R. Co.* v. *Sandford* [1889], 117 Ind.

265; *Zimmerman* v. *Baur* [1894], 11 Ind. App. 607. The

5. direct statement that it was the duty of a defendant to do or not to do a certain act is a mere conclusion

of law. The rule is that facts must be alleged from which the law will imply the existence of the underlying duty. *Indianapolis, etc., Transit Co.* v. *Foreman* [1904], 162 Ind. 85, and cases cited; *Seymour* v. *Maddox* [1851], 16 Q. B. 326; *Brown* v. *Mallett* [1848], 5 C. B. *599, 57 Eng. C. L. 598; *City of Buffalo* v. *Holloway* [1852], 7 N. Y. 493, 57 Am. Dec. 550; *West Chicago St. R. Co.* v. *Coit* [1893], 50 Ill. App. 640. And see *Hopper* v. *Covington* [1886], 118 U. S. 148, 6 Sup. Ct. 1025, 30 L. Ed. 190.'' See, also, *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, 540, 541, and cases cited; *Chicago, etc., R. Co.* v. *Mc-Candish* (1907), 167 Ind. 648, 651-653; 4 Elliott, Railroads (2d ed.), §1689f.

It is not averred in said first paragraph that said foreman knew that appellee had, in conforming to said order, as-

1. sumed a dangerous position, or that a compliance with said order required him to assume such position,

nor are any facts averred from which we can say that in the exercise of ordinary care he ought to have known that appellee had assumed such position. Neither is it averred that said foreman knew appellee was in a place where it would be dangerous to him for the foreman to order or permit a car to come on said switch track. Unless said foreman knew, or under the facts and circumstances. ought, in the exercise of ordinary care, to have known, that appellee was in a place where he would be injured if the car was run onto said switch track, he violated no duty he owed appellee in permitting or directing said car to be so

6. placed, and such act was not, as against appellee, a negligent act. Said foreman at the time and place

represented appellant in giving said order to appellee, and whatever duty said foreman owed at that time was the measure of appellant's duty to him.

There is no direct averment that it was the duty of said foreman, under the terms or practice of his employment, or made so by any rule or usage of appellant, "to warn" appellee, or, "to place or send a flag or signal," or, "to warn or give any signal to the person in charge of said 7. locomotive engine," in regard to going onto said switch track. Nor are any facts alleged from which we can say said foreman owed appellee any such duty. What is alleged on that subject is by way of recital only. Such facts must be alleged directly and positively. It avails nothing as against a demurrer for want of facts to aver conclusions or plead facts by way of recital. *Indianapolis, etc., Transit Co.* v. *Foreman, supra,* and cases cited; *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282, 284; 4 Elliott, Railroads (2d ed.), §§1689a, 1689b.

The negligence charged in the second and fourth paragraphs of the complaint was of the persons in charge of the locomotive engine, "that they carelessly and negli- 8. gently, and without giving any signal, notice, or warning of their intention to do so, ran said locomotive engine at a reckless and high rate of speed, with a freight-car attached, in and upon said switch track where plaintiff was engaged at work, and negligently and carelessly disconnected said freight-car therefrom, leaving it to run at a rapid speed with great force upon said switch track against other cars standing on said track, and forced said cars against plaintiff," etc.

Said paragraphs are insufficient because they fail to show by the averment of proper facts that appellant or the person in charge of said locomotive engine owed any duty to appellee at the time and place where he was injured. The rule is well settled that, in an action to recover for a personal injury on account of negligence, it is essential that the complaint contains an allegation or statement of the facts from which it appears that the defendant owed a duty to the plaintiff, and that the defendant negligently performed or

negligently failed to perform such duty. *Pittsburgh, etc., R. Co.* v. *Peck, supra,* and cases cited.

There is nothing in the facts alleged in said second and fourth paragraphs showing that it was the duty of the person in charge of said locomotive engine to give any "signal, notice or warning," before, or at the time of, running said locomotive engine and freight-car upon said switch track. If this duty arose from any facts or circumstances, or out of any rule or rules of appellant company, or out of any orders or directions given by it, or from any thing that required the person in charge of said locomotive engine to give such "notice, warning or signal," the same should have been directly and positively alleged. If said paragraphs disclosed such duty, then, under a well-settled rule, a violation or breach thereof may be shown by a general allegation of negligence. A general allegation of negligence, however, is not sufficient to show both a duty and a violation thereof. *Pittsburgh, etc., R. Co.* v. *Peck, supra,* and cases cited.

What we have said and the authorities cited, concerning the insufficiency of the first paragraph of complaint, apply with equal force to said second and fourth paragraphs.

It follows that the court below erred in overruling the demurrer to said first, second and fourth paragraphs of the complaint. The judgment is reversed; with instructions to sustain the demurrer to said paragraphs, and for further proceedings not inconsistent with this opinion.