# The Cleveland, Cincinnati, Chicago and St. Louis Railway Company v. Colson.

[No. 7,720. Filed October 11, 1912.]

1. Carriers.—*Injury to Passenger.—Complaint.—Allegation of Negligence.—Sufficiency.*—In an action by a passenger for injuries received in a railroad collision, a complaint averring that on a certain date plaintiff was a passenger on defendant's train, then being operated by it, and had paid his fare in cash, and after paying same, a collision, caused by defendant's negligence, occurred between the train on which plaintiff was riding and another train, whereby plaintiff without his fault or neglect was injured, sufficiently alleges defendant's negligence so as to withstand a demurrer. pp. 227, 228.

2. Pleading.—*Allegations.—Inferences.*—Facts material and necessary to constitute a cause of action should be directly averred, as only inferences necessarily arising from facts alleged will be indulged in determining the sufficiency of a pleading when tested by demurrer. p. 227.

3. Carriers.—*Injury to Passenger.—Contributory Negligence.—Jury Question.*—Whether a passenger on a train, in arising to his feet when a signal of danger was given and in remaining standing until the collision occurred, causing him to fall against the

seat and onto the floor, was guilty of contributory negligence, was a question for the jury to determine. p. 228.

4. APPEAL.—*Review.—Instructions.—Misleading Jury.*—In an action against a railroad company for injury to a passenger, an instruction, which, after enumerating the elements proper to be considered in estimating damages, concluded by stating that the jury should allow such damages as in its opinion, from all the facts and circumstances in evidence, would be a fair and just compensation for the injury sustained, was not misleading to the jury, when taken as a whole. p. 229.

5. APPEAL.—*Review.—Harmless Error.—Refusal of Instruction.*— Where, in an action for personal injuries, the evidence was conflicting on the question of whether the hernia complained of was an old injury, and the jury in its answers to interrogatories found that it was not an old injury, the refusal of an instruction that, if the jury found from the evidence that plaintiff had been ruptured before the occurrence of the accident complained of and that the injury was merely a recurrence of the original rupture, their finding shall be for defendant, was harmless. p. 229.

6. EVIDENCE.—*Demonstrative Evidence.—Wound Made by Surgeon in Operating on Injury.*—In an action for personal injuries, where there was evidence to show that a surgical operation was rendered necessary on account of the injury resulting from defendant's negligence, the jury was entitled to all the evidence showing the extent and effect of the operation, including a view of the wound made thereby. p. 230.

7. APPEAL.—*Objection to Evidence.—Record.*—No question is presented on alleged error in admitting certain evidence, where the record discloses no objection made to such evidence at the time it was offered. p. 230.

8. PLEADING.—*General Denial.—Effect.*—A general denial admits the capacity in which the defendant is sued. p. 231.

9. APPEAL.—*Review.—Evidence.—Sufficiency.*—In an action by a passenger against a railroad company for personal injuries, where plaintiff testified that when he paid his fare defendant's conductor gave him a cash fare receipt, and such cash fare receipt was introduced in evidence, and plaintiff further testified that he knew that he was a passenger on defendant's train, the evidence was sufficient to justify the jury in inferring that the railroad and car on which plaintiff was injured was at the time of the injury in control of and being operated by defendant. p. 231.

From Ripley Circuit Court; *Francis M. Thompson,* Judge.

Action by Henry Colson against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*L. J. Hackney, Frank L. Littleton, J. O. Cravens* and *T. S. Cravens,* for appellant.

*Connelley & Connelley,* for appellee.

HOTTEL, C. J.—This is a suit by appellee for damages for personal injury alleged to have been sustained by him while a passenger on one of appellant's trains. From a judgment in appellee's favor for $1,000 appellant appealed, and for a reversal of the case relies on the following properly assigned errors: Overruling the demurrer to the second paragraph of complaint, and overruling the motion for new trial.

1. It is insisted that the second paragraph of complaint is insufficient in its averments of negligence, in that they are made "by way of recital and not as statements of fact". These averments are, in substance, as follows: That on January 15, 1910, appellee was a passenger on one of appellant's trains then being operated by it, and had paid his fare in cash, and that while a passenger, and after paying said fare, "a collision, caused by appellant's negligence, occurred between the train on which plaintiff was riding and another train of the defendant near the city of North Vernon, by reason of which plaintiff without his fault or neglect was greatly injured and ruptured," etc.

2. The rules of pleading require "that facts material and necessary to constitute the cause of action declared upon be directly averred, and that no essential element be shown by way of recital or left to inference. Only inferences necessarily arising from facts alleged will be indulged in determining the sufficiency of a pleading when tested by demurrer." *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 313, 86 N. E. 405. See, also, *Chicago, etc., R. Co.* v. *McCandish* (1907), 167 Ind. 648, 79 N. E. 903; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 75 N. E. 270; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, 76 N. E. 163; *Greenfield Gas Co.* v. *Trees*

(1905), 165 Ind. 209, 75 N. E. 2; *Malott* v. *Sample* (1905), 164 Ind. 645, 74 N. E. 245; *Robertson* v. *Ford* (1905), 164 Ind. 538, 74 N. E. 1.

The averment "caused by appellant's negligence" standing alone, and unaided by the other averments with which it is connected in the pleading, would probably be open to appellant's criticism, and, under the above authorities, be insufficient to charge actionable negligence. But, taken in its connection with the other specific averment of the pleading that "a collision * * * occurred between the train on which plaintiff was riding and another train of the defendant * * * by reason of which plaintiff, without his fault, was * * * injured," we think any presumption that might otherwise be indulged against the pleader in favor of appellant having used that high degree of care necessary in such cases is completely overthrown. *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, 71 N. E. 201; *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 707, 76 N. E. 299, 4 L. R. A. (N. S.) 1081; *Louisville, etc., R. Co.* v. *Taylor* (1890), 126 Ind. 126, 132, 25 N. E. 869; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, 56 N. E. 434; *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 3 N. E. 836, 54 Am. Rep. 312. It is questionable whether this averment, when taken in its entirety, can be said to fail directly to aver appellant's negligence as a fact. It, at least, compels an inference of such negligence, and this, under all the above authorities, makes it sufficient to withstand the demurrer.

In support of the motion for a new trial, it is urged that appellee's evidence shows him to be guilty of contributory negligence. This contention is based on certain evidence of appellee, to the effect that when a signal of danger was given, he arose to his feet, and that while so standing, the train collided, causing appellee to fall against the seat and onto the floor. It is insisted that ap-

pellee should have remained in his seat, and that if he had done so he would not have received said injury.

Under the evidence, the question of appellee being guilty of negligence contributing to his injury was clearly a question of fact for the jury. *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144, 152, 66 N. E. 615; *Lowden* v. *Pennsylvania Co.* (1908), 41 Ind. App. 614, 619, 82 N. E. 941; *Baltimore, etc., R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14, 19, 80 N. E. 869.

4. Objection is made to instruction eight, given by the court. This instruction, after enumerating the elements proper to be considered in estimating damages, concludes as follows: ''And allow him such damages *as in your opinion from all the facts and circumstances in evidence, will be a fair and just compensation for the injury he has sustained.''* (We italicize that part objected to by appellant.) It is insisted that the instruction should have confined the jury "to the facts and circumstances *properly* in evidence and relative to the question of injuries and damages.'' The instruction in this case in its entirety is so different from those criticised and held improper in the cases relied on by appellant, that such cases give little or no support to its contention. This instruction in the first instance properly restricted the jury in the matters to be considered in estimating the damage, and also in the closing paragraph, to which objection is urged, the jury was limited to a fair and just *"compensation for the injury he has sustained".* (Our italics.) Taking the instruction as a whole, it could not have misled the jury.

5. The refusal to give appellant's instruction four is urged as error. This instruction is as follows: ''If you find from the evidence that plaintiff had been ruptured before the occurrence of the accident complained of and that the rupture for which he claims damages is merely a recurrence or aggravation of the original rupture, even

though much more severe than the original rupture, it will be your duty under the issues in this case to find for the defendant as to such rupture, and you should in such event allow no damages whatever to the plaintiff on account of said rupture, for he has sued for an original rupture and not for a recurred or an aggravated rupture.'' It is insisted that under the averments of the complaint the hernia complained of was one caused by appellant, and that the proof showed an old hernia, aggravated by the accident. It is not necessary that we should decide whether, under the averments of the complaint, appellant was entitled to an instruction limiting the recovery on account of the hernia complained of to an original hernia, and preventing recovery on account of an aggravation or recurrence of an old hernia, because on this averment of the complaint there was a conflict in the evidence, and the jury in its answer to interrogatories found against appellant's contention. The instruction was therefore harmless, and presents no reversible error.

6. It is insisted that the court erred in permitting appellee to exhibit to the jury the wound made by the surgeon in operating on the hernia. There was evidence tending to show that the surgical operation was rendered necessary on account of the injury alleged to have resulted from appellant's negligence. It follows that the jury was entitled to all the evidence showing the extent and effect of the operation, including a view of the wound made thereby. *Citizens St. R. Co.* v. *Willoeby* (1893), 134 Ind. 563, 33 N. E. 627; *Freeman* v. *Hutchinson* (1896), 15 Ind. App. 639, 43 N. E. 16; *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 549, 14 N. E. 572, 16 N. E. 197; *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181, 199, 200, and authorities cited.

7. Error in admitting in evidence a cash fare receipt given to appellee by the conductor of the train on which he was injured is next urged. It is now insisted that this receipt was not identified as a receipt given

to appellee, or given by the conductor or any other person. We find no such objection in the record made to the receipt when offered in evidence, and therefore no question is presented by this ground of the motion for a new trial.

Finally it is insisted that the evidence fails to show 8. that appellant owned, operated or controlled the railroad train on which appellee was a passenger. The 9. general denial admits the capacity in which defendant was sued, and the cash fare receipt before referred to was introduced in evidence, and it shows that it was issued by appellant. Appellee testified that when he paid his fare the conductor of the train on which he was injured gave him a cash fare receipt. He further testified, in substance, on his direct examination, that he knew on what railroad company's train he was a passenger; that he knew the name of such company, and that it was the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, running from Cincinnati to Indianapolis and St. Louis, passing through Greensburg.

There was sufficient evidence to justify the jury in inferring that the railroad and the car on which appellee was injured was at the time of the injury in control of and being operated by appellant. This was sufficient under the law. *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 95 N. E. 275.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 433. See, also under (1) 6 Cyc. 626; (2) 31 Cyc. 48; (3) 6 Cyc. 1482; (4) 38 Cyc. 1602; (5) 38 Cyc. 1811; (6) 17 Cyc. 294; (7) 2 Cyc. 1044; (8) 31 Cyc. 207; (9) 6 Cyc. 628-32 Anno. As to when contributory negligence is for the court to determine and when for the jury, see 8 Am. St. 849. For a discussion of the contributory negligence of a passenger in standing in a moving car or train, see 13 Ann. Cas. 122.