NOVEMBER TERM, 1917.        597

Fort Wayne, etc., Traction Co. *v.* Parish—67 Ind. App. 597.

## Fort Wayne and Northern Indiana Traction Company et. al. *v.* Parish.

### [No. 9,613.   Filed May 3, 1918.]

1. Carriers.—*Street Railroads.—Passengers.—Care Required.*—A street railway company owes a passenger on one of its cars the duty of exercising the highest degree of care practicable.   p. 600.

2. Carriers.—*Street Railways.—Negligence.—Concurring Causes.*— A complaint alleging that the defendant street railway company stopped its car within the intersection of a street, negligently permitting it to remain on the crossing, which was not a regular stopping place, and that, while the car was standing in such position, a runaway team collided with it, injuring the plaintiff, who was a passenger on the car, that the owner of the team, another defendant, knowingly allowed a spirited team to be hitched to the wagon, that the tongue of the wagon was so defective that it was certain to break and cause the wagon to run against the team, and that the tongue did break causing the team to run away, was sufficient to charge each of the defendants with concurring negligence.   pp. 600, 601.

3. Negligence.—*Concurring Causes.—Liability.*—Where an injury results from two concurring causes, a party at fault for one of such causes is liable if the injury would not have resulted in the absence of such fault.   p. 601.

4. Carriers.—*Duty to Passengers.—Degree of Care.—Sudden Peril. —Jury Question.*—Where the motorman of a street car driving slowly upon a crossing saw a runaway team suddenly bearing down upon the car, he is responsible only for such degree of care that an ordinarily prudent person would have exercised under the circumstances; and whether the motorman was guilty of negligence in stopping the car on the crossing, a passenger having been injured by the collision, was a question of fact for the jury to determine under proper instructions.   p. 604.

5. Carriers.—*Collisions.—Negligence.—Sufficiency of Evidence.*— In an action for injuries sustained by a passenger in a collision between a street car and a runaway team, the evidence is reviewed and *held* sufficient to sustain a verdict against the carrier and the owner of the team for concurrent negligence resulting in the injury.   p. 604.

From Allen Circuit Court; *J. W. Eggeman*, Judge.

598    APPELLATE COURT OF INDIANA,

Fort Wayne, etc., Traction Co. *v.* Parish—67 Ind. App. 597.

Action by Daisy D. Parish against the Fort Wayne and Northern Indiana Traction Company and another. From a judgment for the plaintiff, the defendants appeal. *Affirmed.*

*Barrett, Morris & Hoffman* and *Robert B. Dreibelbiss,* for appellants.

*John H. Aiken,* for appellee.

FELT, J.—This suit was brought by appellee against appellants to recover damages for personal injuries alleged to have resulted from the concurring negligence of the appellants. The complaint in one paragraph was answered by each defendant by a general denial. A trial by jury resulted in a verdict against both defendants for $500. Each of the appellants filed a motion for a new trial, which was overruled, and judgment was rendered on the verdict.

Appellant the Fort Wayne and Northern Indiana Traction Company has assigned as separate error the overruling of its demurrer to the complaint and the overruling of its separate motion for a new trial. Appellant Wyss has assigned as error that the court erred in overruling his motion for a new trial.

The substance of the averments of the complaint is as follows: The appellant Fort Wayne and Northern Indiana Traction Company owns and operates a street railway system in the city of Fort Wayne, Indiana. On March 15, 1915, appellee became a passenger on one of said company's cars, running on Calhoun street, and paid her fare to be carried from Pontiac street north to the Lake Shore and Michigan Southern depot in said city. Appellant Wyss is a farmer and owned a team of spirited horses, which on said day were hitched to a wagon loaded with

NOVEMBER TERM, 1917.     599

Fort Wayne, etc., Traction Co. *v.* Parish—67 Ind. App. 597.

grain and were driven by an employe of said Wyss over and along certain streets in said city. The tongue of the wagon aforesaid was out of repair and broken, in this: that the wood and iron attached near the end of the tongue, over which the neckyoke was attached, had previously become cracked and broken to such an extent that it was certain that in using it the end of the tongue would break off and cause the wagon to run upon and against said horses, all of which was known to said Wyss before he allowed the same to be so used as aforesaid. When the car on which appellee was a passenger as aforesaid arrived at the crossing of DeWald and Calhoun streets, it was carelessly and negligently stopped by said company's motorman, in charge of the same, within the intersection of said streets, and negligently permitted to remain therein. The place where the car was so stopped was not the proper place for taking on or discharging passengers, and no passengers desired to board or leave the car at said place. Appellee was seated on the west side of the car as it ran north, and there was an iron railing in front of her. The employe of appellant Wyss was at the time driving said team west on DeWald street, approaching Calhoun street, when the said defective tongue suddenly broke and the wagon ran upon said horses, frightened them, and caused them to run and the broken tongue to plow along upon the surface of the street. The team and wagon ran into said street car so carelessly and negligently stopped in said street intersection, broke the window and side of the car, and the broken wagon tongue extended into and across said car. By force of the collision appellee was thrown violently against said iron railing and against the side of the car, whereby

her right side and right arm were severely bruised, and she was permanently injured and caused to suffer great pain, and to expend more than $100 for hospital and medical treatment in an effort to cure the injuries and relieve the pain so caused as aforesaid. Prayer for damages in the sum of $5,000.

The memorandum accompanying the demurrer states that: (1) The averments show that the negligence of the company's codefendant Wyss was the sole proximate cause of the injury suffered by the plaintiff. (2) The street car company had no connection with or control over its codefendant. (3) The averments show no negligence of the company which proximately caused plaintiff's alleged injuries. (4) The averments show plaintiff's injuries were due to an unavoidable accident entirely beyond the control of the company, and which could not reasonably have been anticipated by it.

The facts show that appellee was a passenger on one of the cars of the traction company at the time she received the injuries for which she sues. The company therefore owed her the duty of exercising the highest practicable care for her safety. *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, 94; 56 N. E. 434; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, 364, 71 N. E. 201.

The general averments that the traction company negligently stopped its car within the intersection of the streets where the accident occurred, and negligently permitted it to remain in the space occupied by the crossing of the streets, which was not the proper place to stop the car to receive and discharge passengers, and that while the car was so standing out in the street as aforesaid the team ran

into it and caused appellee's injuries, as alleged, show a violation of the duty that the traction company owed appellee which contributed to her alleged injury, and are clearly sufficient as a matter of pleading to show a violation of the duty which the company owed to appellee as a passenger. *Belt R., etc., Co.* v. *McClain* (1914), 58 Ind. App. 171, 175, 106 N. E. 742; *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 644, 656, 104 N. E. 866, 106 N. E. 739; *Cleveland, etc., R. Co.* v. *Colson* (1912), 51 Ind. App. 225, 227, 99 N. E. 433.

Where two causes concur in producing an injury, the party at fault for one of such causes will be held liable if the injury would not have occurred in the absence of such fault. The averments of the complaint aforesaid show that the traction company negligently held its car on the street crossing, and that appellee's injury would not have been received but for the fault of the company in so doing. These averments sufficiently show two causes concurring in producing the alleged injury, and that the alleged negligence of the traction company was a contributing, proximate cause of such injury. When fairly construed, the complaint states a cause of action against both defendants, and the court did not err in overruling the demurrer thereto. *Terre Haute, etc., Traction Co.* v. *Hunter* (1916), 62 Ind. App. 399, 417, 111 N. E. 344, 349; *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95, 103, 67 N. E. 923; *Southern R. Co.* v. *Adams* (1912), 52 Ind. App. 322, 328, 100 N. E. 773; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 401, 404, 97 N. E. 822.

The sufficiency of the evidence to support the verdict is the only question duly presented under the mo-

tions for a new trial. Under their respective motions each appellant contends that the other is liable for the injury to appellee. The evidence tends to show that as the street car, on which appellee was a passenger, approached DeWald street, which crosses Calhoun street at right angles, the team of appellant Wyss was running west on DeWald street, and when the street car entered upon the crossing the team was about one-half square, or more than 100 feet, east of the car tracks; that the street car was moving slowly and the team was clearly visible as it approached, and was seen by appellee and other passengers when half a square from the car; that after the car reached the crossing the motorman turned around and looked in the direction of the approaching team. The motorman testified that he saw the horses galloping toward the tracks, stopped his car a few seconds before they ran into it, and did not think he could have cleared the crossing before the team reached the tracks. The driver of the team testified in substance that the tongue broke and let the wagon run against the horses; that it was down grade toward the car tracks; that he saw the car and thought it would pass the crossing before the team reached it; that it would have passed the crossing before the team reached it if the car had continued to move as it was moving when it entered the street crossing; that the car moved so far across the street that the team could not pass north of it. The testimony of different witnesses varied as to the position of the car; some indicating that the front of the car was about four feet north of the south curb of DeWald street, and others that it was almost even with the north curb when it stopped and when the team ran into it. The street

NOVEMBER TERM, 1917.    603

Fort Wayne, etc., Traction Co. *v.* Parish—67 Ind. App. 597.

was twenty feet wide between curbs. The evidence also tended to show that the team ran down the center of the street, turned a little to the south just before striking the car, and was within three or four feet of the south curb when it struck the car; that the broken tongue of the wagon entered the side of the car, broke the second window from the front end, and ran up into the top of the car; that the jar was very severe; that the owner of the team had been informed that the tongue that broke was defective and liable to break before the day on which the accident occurred.

The court submitted the question of the alleged negligence of each of the defendants to the jury to be determined from the evidence, and in substance informed the jury that the burden was on appellee to prove the material averments of her complaint; that to be entitled to a verdict against either defendant she must prove by a fair preponderance of the evidence that the alleged negligence of such defendant proximately caused or contributed to her said injuries; that if the preponderance of the evidence showed the alleged negligence of one of the defendants to have caused appellee's injury, and did not prove the alleged negligence of such other defendant, then she could recover only against the one whose negligence was so proved, and could not recover against the other defendant; that in case the preponderance of the evidence showed that the alleged negligence of each of the defendants proximately contributed to appellee's injuries, she could recover against both defendants; that she could not recover if she was guilty of any negligence which proximately contributed to her injuries, nor if her injuries were the result of a pure accident.

The facts of the case as related to the motorman in charge of the car on which appellee was a passenger invoke the application of the rule that when 4. a person is confronted with sudden peril, and must act in the emergency occasioned thereby, he is not held to the same degree of care that he would otherwise be required to exercise in the absence of emergency, and is only responsible for such degree of care as an ordinarily prudent person would have exercised under like circumstances and conditions. But even under this rule it is still a question of fact to be determined from the evidence by the jury whether he was or was not guilty of negligence under the circumstancs shown. *City of Indianapolis v. Pell* (1916), 62 Ind. App. 191, 195, 111 N. E. 22. In the case at bar the traction company tendered instruction No. 3, which gave it the full benefit of this doctrine, and the court gave the instruction to the jury as tendered.

The evidence tends to sustain all the material averments of the complaint and warranted the verdict of the jury. The case seems to have been fairly 5. tried on its merits, and no cause for reversal of the judgment has been pointed out. *Baltimore, etc., R. Co. v. Kleespies* (1906), 39 Ind. App. 151, 164, 76 N. E. 1015, 78 N. E. 252; *Moran v. Leslie* (1903), 33 Ind. App. 80, 82, 70 N. E. 162; *Cleveland, etc., R. Co. v. Clark, supra.*

Judgment affirmed.

NOTE.—Reported in 119 N. E. 488. Carrier's duty to a passenger in respect to care, 118 Am. St. 465. See under (1) 10 C. J. 858; (2) 10 C. J. 1001; (3) 29 Cyc 532.