# HAY ET AL. *v.* BASH.

[No. 5,516. Filed January 24, 1906.]

1. APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—Where appellants set out the substance of the pleadings questioned there is a sufficient compliance with Appellate Court rule twenty-two.   p. 169.

2. PLEADING.—*Demurrer to Complaint.—Form.*—A demurrer for the reason that the complaint "does not contain facts sufficient to constitute a good cause of action" is sufficient, being equivalent to the language of the statute.   p. 169.

3. SAME. — *Complaint. — Theory. — Negligence. — Master and Servant.*—A complaint by a servant for damages on account of injuries received from the breaking of a fly-wheel in defendants' sawmill is based upon the theory of negligence by the master in the use of dangerous machinery.   p. 170.

4. SAME. — *Complaint.—Allegations.—Inferences.—Negligence.—Master and Servant.*—A complaint by the servant alleging that the master "carelessly and negligently run and operated said mill and machinery, well knowing that the same was unsafe and dangerous in this, to wit,   *   *   *   that the fly or balance wheel was an old, condemned, cracked and blemished wheel;" that plaintiff was ignorant thereof and that the master knew thereof, is insufficient, there being no direct allegation of such defect, and such complaint is not cured by an allegation that plaintiff was injured by the negligence of defendant in failing to provide "a safe, secure and sound fly or balance wheel." p. 170.

From Kosciusko Circuit Court; *Edgar Haymond,* Judge.

Action by Charles A. Bash against James Hay and another. From a judgment on a verdict for plaintiff for $3,000, defendants appeal. *Reversed.*

*Bertram Shane,* for appellants.

*Melvin H. Summy, Herschel Lehman* and *Wood & Bowser,* for appellee.

Robinson, J.—Appellee recovered a judgment for damages for a personal injury. Overruling a demurrer to the complaint and the motions for a new trial and in arrest of judgment are assigned as errors.

The complaint avers, in substance, that appellants, under the firm name of Hay & Co., owned and operated a sawmill and were engaged in the manufacture of lumber; that the mill was on February 16, 1900, operated and managed by one Walburn as agent of the firm; that in the mill was a large amount of machinery, consisting of engine, boiler, shafting, carriage, pulleys, wheels, belts, ladders and saws, all of which were used in operating the mill, in the operation of which a large force of men was employed, of which appellee was one; that it was appellee's duty, as an employe of appellants, to operate the machinery used in pulling logs into the mill and to do any and all other work about the mill he should see needed to be done; that while the mill was in operation, and while appellee was in the discharge of his duty as an employe, appellants "carelessly and negligently operated said mill and machinery, well knowing the same was unsafe and dangerous, in this: that the lineshafting was improperly arranged, that the attachment with the engine and saw was direct and dangerous, and that the fly or balance-wheel was an old, condemned, cracked and blemished wheel;" that while the mill was in operation the wheel suddenly broke into a number of pieces, which were thrown with great force in, around and about the mill; that one piece struck appellee with great force, producing injuries, described; that he was thus in-

jured by the "negligence and carelessness of the defendants in failing to provide proper and safe lineshafting, proper and safe attachment between the saw and engine, and a safe, secure and sound fly or balance-wheel;" that appellants well knew of the improperly arranged shafting, the direct and dangerous attachment, and the unsafe, insecure, cracked and blemished condition of the fly or balance-wheel, and that appellee at the time of and prior to the accident had no knowledge whatever of these conditions.

Appellee's counsel first insist that no question is presented upon the ruling on the demurrer to the complaint, because of appellants' failure to set out in their brief the complaint and the demurrer. There is no merit in this objection to the brief. It gives in substance all the material averments of the complaint, and states where appellant's demurrer to the complaint will be found in the record, that "this demurrer insists that the complaint does not contain facts sufficient to constitute a good cause of action," and that the demurrer was overruled and exception reserved. It is not necessary to copy into the brief the pleadings, but if the substance is given the requirement of the rule is met.

The demurrer is upon the ground that the complaint "does not contain facts sufficient to constitute a good cause of action." Objection is made to the use of the word "contain" instead of "state." If the complaint is bad for want of sufficient facts, it is immaterial whether it be said that it does not state sufficient facts, or that it does not contain sufficient facts. The meaning of the pleader in filing the demurrer is unmistakable. It is sufficient if the demurrer uses language equivalent to that of the statute. The demurrer in question does this. *Ross* v. *Menefee* (1890), 125 Ind. 432; *Petty* v. *Board, etc.* (1880), 70 Ind. 290; *Pace* v. *Oppenheim* (1859), 12 Ind. 533; *Stanley* v. *Peeples* (1859), 13 Ind. 232. The precise question here presented was decided adversely to

appellee in *Leach* v. *Adams* (1899), 21 Ind. App. 547.

Objection is made that the theory of the complaint is not clearly manifest from its averments. The basis of appellee's action is the alleged negligence or carelessness 3. of appellants in using, or permitting to be used, a defective fly wheel in their mill. There.is nothing in the pleading to indicate that it proceeds upon the theory that appellee was put to work with a defective tool or machine, which was dangerous because of defects. It sufficiently appears that the wheel that caused the injury was a part of the mill machinery, and that appellee was in the employ of appellants, and when injured was in the discharge of his duty as such employe.

The further objection is made that the complaint does not directly aver that the wheel was defective. It is averred that appellants "carelessly and negligently 4. run and operated said mill and machinery, well knowing that the same was unsafe and dangerous in this, to wit: that the lineshafting was improperly arranged, that the attachment with the engine and saw was direct and dangerous, and that the fly or balance-wheel was an old, condemned, cracked and blemished wheel;" that appellee had no knowledge whatever of the improperly arranged lineshafting, nor of the effect of the direct attachment, nor of the unsafe, insecure, cracked and blemished condition of the wheel. It is also averred that while the mill was in operation the wheel suddenly broke into a number of pieces, which were thrown with great force in and about the mill, one of which pieces struck appellee. It is quite true that the inference to be drawn from these averments is that the wheel was defective; but it is expressly held in *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557, where the averments were substantially like those here considered, that the inference can not take the place of a direct averment that the wheel was defective. In that case, in holding the complaint insufficient, the court said:

"From the two facts, as averred, that appellee did not know that the chord was unsafe, but that appellant did know that it was unsafe, the ultimate or issuable fact that the chord or plate in question was unsafe, is left to be inferred. The question with which we have to deal is not one in regard to evidence, but one which relates to pleading. While a court in dealing with evidence may be justified in drawing inferences from certain items of evidence, still it is not warranted in resorting to inferences or deductions where the question involved pertains to the sufficiency of pleading; for the rule recognized at common law and by our code affirms that material facts necessary to constitute a cause of action must be directly averred, and can not be left to depend upon or to be shown by mere recitals or inferences;" citing *Avery* v. *Dougherty* (1885), 102 Ind. 443, 52 Am. Rep. 680; *Erwin* v. *Central Union Tel. Co.* (1897), 148 Ind. 365.

Upon the authority of *McElwaine-Richards Co.* v. *Wall, supra,* the complaint in the case at bar must be held insufficient, unless the following averment, when considered in connection with all the other averments, makes it sufficient in the above particular: "And plaintiff avers that he was thus injured by the negligence and carelessness of the defendants in this, to wit: in failing to provide proper and safe lineshafting, proper and safe attachment between the saw and engine, and a safe, secure and sound fly or balance-wheel." The injury was caused by the breaking of the wheel. What, if anything, the improperly arranged lineshafting and the improper attachment between the saw and engine had to do with the breaking of the wheel, is not in any way made to appear. It is not shown how or where this wheel was located with reference to any other part of the machinery in the mill, or what effect, if any, these other defects had in making the wheel dangerous when the mill was in operation. The extent of the above averment, when taken in connection with the other and preceding

averments in the pleading, is that appellee "was thus injured by the negligence and carelessness of the defendants" in failing to provide "a safe, secure and sound fly or balance-wheel." If the whole of this concluding averment be construed alone it adds nothing to the pleading on the point in question, and, when construed with all the other material averments, it in no way supplies the omitted averment. The issuable fact that the wheel was defective is still left to be inferred. The demurrer to the complaint should have been sustained.

Judgment reversed.