CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY
COMPANY v. COBLER, ADMINISTRATRIX.

[No. 5,844.    Filed February 19, 1907.]

1.  PLEADING.—*Complaint.*—*Master and Servant.*—*Railroads.*—
*Employers' Liability Act.*—A complaint alleging that while the
plaintiff's decedent was uncoupling the air-brakes between two
cars, defendant's locomotive engineer negligently backed his
engine against such cars, thus killing said decedent, is suffi-
cient under clause four, §7083 Burns 1901, Acts 1893, p. 294,
§1. p. 507.

2.  SAME.—*Complaint.*—*Railroads.*—*Customs.*—*Failure to Spec-
ify.*—*Violation.*—A complaint for damages on account of neg-
ligence, showing that "divers customs and practices had become
and were of universal acceptance and application among rail-
road men working in the switch yards," and that because of
defendant railroad company's violation of such customs, plain-
tiff's decedent was killed, is bad, where the customs and prac-
tices are not set out. p. 508.

3.  SAME.—*Complaint.*—*Railroads.*—*Violation of Ordinance.*—
*Failure to Set Out.*—A complaint for damages against a rail-
road company for negligence in the violation of a city ordi-
nance, must set out such ordinance either in words or in sub-
stance. p. 509.

4.  SAME.—*Complaint.*—*Railroads.*—*Violation of Rules.*—*Fail-
ure to Set Out.*—A complaint for damages against a railroad
company for negligence in the violation of its rules, must set
out such rules or the substance thereof. p. 509.

5.  APPEAL.—*Judgment Resting on Good and Bad Paragraphs.*—
A judgment resting on good and bad paragraphs of a com-
plaint will be set aside, where the Appellate Court is unable
to tell whether it rests exclusively upon the good paragraphs.
p. 509.

From Marion Circuit Court (12,644); *Henry Clay
Allen,* Judge.

Action by Eunice J. Cobler, as administratrix of the
estate of Marshall F. Cobler, deceased, against the Chicago,
Indianapolis & Louisville Railway Company. From a
judgment for plaintiff on a verdict for $4,500, defendant
appeals. *Reversed.*

*E. C. Field, H. R. Kurrie* and *Taylor & Woods,* for appellant.

*George W. Galvin,* for appellee.

ROBY, P. J.—Appellee's amended complaint is in four paragraphs, demurrers to each of which were overruled. Error is assigned upon each of said rulings. The cause was submitted to a jury, and a verdict for appellee returned, upon which the judgment appealed from was rendered.

It is averred in the first paragraph that appellee is the administratrix of the estate of Marshall F. Cobler, deceased, and the defendant, a corporation operating 1. a railroad in the State of Indiana and adjoining states; that appellee's decedent, on September 11, 1901, was in its employ as a yard conductor, had charge of a crew of men, and looked after the movement of cars in the making up of trains in the yards of said company in the city of Indianapolis. Such crew consisted of said Cobler, the engineer in charge of the locomotive engine used in the movement of said cars, the fireman thereon, and two switchmen; that on said day said crew went to the yards with an engine for the purpose of cutting out certain passenger-cars and making up trains; that said passenger-cars were attached by air hose, safety-chains, and couplings; that it was necessary to uncouple said air hose and unfasten said safety-chains in order that the cars be moved separately; that in pursuance of his duty and in the line of his employment said decedent left said engine with the knowledge of the engineer, passed the first of said passenger-cars, and entered the space between it and the next car, for the purpose of uncoupling the air-pipes and safety-chains, and that while in such position, which was a necessary one for him to assume, and while between said cars, with full knowledge of the engineer in charge of said engine, he was crushed between the platforms of said cars, because said engineer, negligently disregarding his duty under the circumstances, moved his said locomotive engine on and over

said tracks and against said first car. The injury is thus charged to have been caused by the negligence of a person in the service of appellant who had charge of a locomotive engine upon a railway, and is therefore sufficient. §7083, cl. 4, Burns 1901, Acts 1893, p. 294, §1; *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364; *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 54 L. R. A. 787; *Pittsburgh, etc., R. Co.* v. *Gipe* (1903), 160 Ind. 360; *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569.

The second paragraph of amended complaint is grounded, so far as the charge of negligence against appellant is concerned, upon the following averments: "That divers customs and practices had become and were of universal acceptance and application among railroad men working in the switchyards of the city of Indianapolis, and with which all switching crews of railroads in said city were familiar, and to which all the members thereof conformed." It is then averred that the engineer in charge of the locomotive engine, "in violation of said well-known customs and practices, moved his engine, * * * and, in violation of said customs and practices, negligently and carelessly propelled his engine," etc. The complaint is entirely insufficient for the reason that the customs and practices referred to are not set out, either in substance or tenor. The code requires that the complaint contain "a statement of the facts constituting a cause of action." The object of the requirement is that the defendant be notified of the charge which he is to meet. §341 Burns 1901, §338 R. S. 1881. In the absence of averments showing what the custom relied upon was, no facts were stated from which the existence of the underlying duty alleged to have been violated could be determined. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 252.

The third paragraph of amended complaint contains a statement of general conditions equivalent to that made in

the preceding paragraphs. The negligence counted upon is as follows: "Defendant negligently and carelessly moved its locomotive engine on and over said tracks and against said first car without notice of the purpose or intent so to move the same, and without ringing the bell upon such engine, in direct violation of an ordinance of the city of Indianapolis entitled 'An ordinance to regulate the running of locomotives and cars in the city of Indianapolis,' etc., approved March 12, 1886, and at the time in full force and effect." The pleading does not contain a statement of the substance of the ordinance, nor does it show otherwise that the same was applicable to the movement of an engine engaged in making up trains in the company's yards, and the averment as to the violation of the same is a mere conclusion.

The amended fourth paragraph avers that "the defendant negligently and carelessly, in utter disregard and violation of the provisions of rules 178 and 308, governing locomotive engineers and the movement of locomotive engines, issued especially by defendant and in force at the date of the grievance complained of herein, moved the locomotive engine along and over said tracks and against said first car." Neither the tenor nor substance of said rules is stated, and there is nothing in the pleading showing their applicability or violation, except the statement above quoted.

Neither the second, third nor fourth amended paragraphs of complaint contain a statement of facts relied upon as required by the code, and the demurrers to each of them should have been sustained. We are not able to say that the verdict was based upon the first paragraph of complaint.

The judgment is reversed, and the cause remanded, with instructions to sustain the demurrers to the paragraphs of complaint mentioned, and for further proceedings.

Comstock, Rabb, Watson and Hadley, JJ., concur. Myers, C. J., absent.