## COAL BLUFF MINING COMPANY *v.* AKERS.

[No. 5,865. Filed March 13, 1907.]

1. NEGLIGENCE.—*Elements.*—To constitute actionable negligence, there must be a duty owing from defendant to plaintiff, a breach of such duty by defendant, and proximately resulting injuries to plaintiff. p. 620.

2. PLEADING.—*Complaint.—Negligence.—Duty.—How Alleged.*— An averment in a complaint that it was defendant's duty to do certain things is merely a conclusion, good pleading requiring the facts from which the duty arises to be set out. p. 620.

3. SAME.—*Complaint.—Master and Servant.—Safe Place.*—A complaint for the negligence of the master, which states facts from which such master's breach of a non-delegable duty to provide a safe place may be inferred, is good. p. 620.

4. PLEADING.—*Complaint.*—*Master and Servant.*—*Safe Place.*—*Mines.*—A complaint by the servant, showing that he was employed to haul coal out of the cross-entries in a coal mine; that the master failed to provide any flagman or signal to prevent a collision between him and the main-entry haulers; that because thereof, plaintiff, without any notice, and in the darkness, came in collision with a main-entry hauler and sustained injuries thereby, states a cause of action. p. 620.

5. SAME.—*Complaint.*—*Master and Servant.*—*Safe Place.*—*Alternative Allegations.*—A complaint by a servant in a coal mine, alleging that defendant neglected to station a watchman at the junction of the cross-entry road with the main-entry road, or to provide any system of signals, and that no precautions whatever were taken to prevent a collision between the drivers on the two roads, sufficiently shows that neither a watchman .nor a system of signals was provided. p. 621.

6. SAME.—*Complaint.*—*Master and Servant.*—*Assumption of Risk.*—A complaint showing that the servant was employed to haul coal out of a cross entry in a coal mine; that no watchman nor system of signals was provided to prevent a collision between such servant and the haulers in the main entry; that because thereof such servant, without any notice that a watchman or such system of signals had not been provided, received injuries in such a collision, does not show that such servant assumed such risk. p. 622.

7. MASTER AND SERVANT.—*Assumption of Risk.*—A risk, created by the master by the omission of a precaution which, in the exercise of ordinary care such master should have taken, is not assumed by the servant. p. 622.

8. SAME.—*Assumption of Risk.*—*Notice of Defects.*—To be chargeable with the assumption of a risk, the servant's knowledge of the defect must be shown. p. 622.

9. PLEADING.—*Complaint.*—*Duty.*—*Failure to Perform.*—*Inference of Knowledge.*—Where a complaint alleges that defendant failed to do an act which it was its duty to perform, knowledge of its failure is inferred. p. 623.

10. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 623.

11. NEGLIGENCE.—*Contributory.*—*Master and Servant.*—*Mines.*—Whether à servant in a coal mine was guilty of contributory negligence in driving out of a cross entry in a coal mine into the main entry in the dark without getting off of his car and trying to ascertain whether any cars likely to cause a collision were coming in the main entry, is a question for the jury. p. 623.

12. APPEAL. — *Trial.* — *Instructions Not in Record.—Presumptions.*—Where the instructions are not a part of the record, the presumption is that they were correct.   p. 624.

From Superior Court of Vigo County; *S. C. Stimson,* Judge.

Action by Abraham Akers against the Coal Bluff Mining Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John S. Bays, Lee F. Bays* and *Fred F. Bays,* for appellant.

*A. W. Knight* and *George A. Knight,* for appellee.

COMSTOCK, J.—Action by appellee against appellant for damages for personal injuries alleged to have been received by him while in the employ of appellant. Appellee was engaged in hauling coal for appellant in one of its coal mines, and his business was to drive from the cross entry into the main entry of the mine, in which the hoisting shaft was located. It is alleged in the complaint that the appellant failed and neglected to take any precautions whatever to prevent collisions between the drivers on the main entry and the drivers on said cross entry. A demurrer to the complaint for want of facts was overruled, an answer in general denial filed, and a trial had, resulting in a verdict and judgment in favor of appellee for $3,449.

The assignment of errors questions the sufficiency of the complaint and the action of the court in overruling appellant's motion for a new trial. It is insisted by appellant that the complaint does not show actionable negligence constituting the proximate cause of appellee's injury; that facts must be stated showing the duty owing from the defendant to the plaintiff and a breach of said duty proximately causing the injury complained of; that the general statements that it was the duty of the defendant to do certain things, and that the place in question was one of peculiar danger, are mere conclusions, and are insufficient

to show that the defendant owed to the plaintiff the duty of maintaining a watchman or flagman, or of maintaining a system of signals at the point in question.

We quote from *Faris* v. *Hoberg* (1893), 134 Ind. 269, 274, 39 Am. St. 261: "In every case involving actionable negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff from such failure of the defendant."

"The direct statement that it was the duty of a defendant to do or not to do a certain act is a mere conclusion of law. The rule is that facts must be alleged from which the law will imply the existence of the underlying duty." *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247.

But a complaint, alleging facts from which a breach of a non-delegable duty to provide a reasonably safe place of work may be inferred, is good. *City of Ft. Wayne* v. *Patterson* (1900), 25 Ind. App. 547.

With reference to the law as above defined, does the complaint show a duty on the part of the defendant to protect plaintiff from the injury of which he complains? Does it show a failure by the defendant to perform that duty? Does it show an injury to the plaintiff from such failure of the defendant? The complaint, among other things, alleges that the appellee, by the terms of his employment, was required to haul coal down the cross entry onto the main entry; that at the point where the cross entry ran into the main entry it was dark; that appellant, unknown to appellee, had failed to take any precautions whatever to prevent a driver coming out of the cross entry from colliding with a driver on the main entry, as the latter arrived at the junction of the two entries; that

appellant had no flagman or watchman there, or any system of signals to warn one driver of the approach of another; that appellee believed that the necessary precautions had been taken by appellant; that he did not see or hear the other driver approaching until it was too late to avoid a collision, nor could he, in the exercise of ordinary care, see or hear him approaching, on account of the darkness of the place; that had appellant taken the precaution to station a watchman at said crossing, or had it employed a system of signals there, the accident could not and would not have occurred.

From the facts set out, the law will imply the existence of the "underlying duty" as expressed in *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.* The law imposes upon the master the duty of using reasonable care to furnish his servant a safe place in which to work, but the complaint shows that appellant had not only no watchman or flagman at the crossing, nor any system of signals to give any warning to one driver of the approach of another, but had taken no precautions whatever to make the place reasonably safe for its employes.

It is further objected that the complaint does not allege that the injury would not have occurred but for the negligence of the defendant in failing to have a watchman, or, instead thereof, a system of signals. In this proposition we cannot agree with counsel. It is insisted that the complaint proceeds upon the theory that a watchman should have been stationed at the place in question, or that a system of signals should have been provided, and not on the theory that both were required; that the allegation of negligence is that defendant failed and neglected to station a flagman or watchman at said junction, or to provide any system of signs or signals—not that it failed to do both, but that it failed to do one of the two, thus impliedly affirming that it did the other. This objection is fully met by the averment to which we have re-

ferred, that no precautions whatever were taken to prevent a collision between drivers.

Further, it is claimed that the complaint is bad in not showing that the appellee did not assume the risk. While employes assume the risks ordinarily incident to their employment, the rule is not without exception.

6.

The exception as stated, in *Baltimore, etc., R. Co.* v. *Rowan* (1885), 104 Ind. 88, "arises from the obligation or duty of the master not to expose the servant while conducting his business to perils or hazards which might have been provided against by the exercise of due care and proper diligence upon the part of the master."

The risk which the master has created by omitting some precaution, which in the exercise of ordinary care ought to be taken, cannot be regarded as one of the ordinary risks of the employment assumed by the employe.

7.

*George* v. *Clark* (1898), 85 Fed. 608, 29 C. C. A. 374; *Rogers* v. *Leyden* (1891), 127 Ind. 50; *Pantzar* v. *Tilly Foster Iron Min. Co.* (1885), 99 N. Y. 368, 376; *Anthony* v. *Leeret* (1887), 105 N. Y. 591. Appellee did not assume the risk of appellant's negligence in failing to take reasonable precautions to prevent collisions.

Assumption implies knowledge. The complaint avers that appellee had not at any time "notice, knowledge, or information" that the defendant company had failed and neglected to have a watchman or a set of signals at said junction; but, on the contrary, that he believed during the entire time of his employment that said company had taken the precaution to avoid collisions at said point by having such watchman or signals there. He had worked in the mine parts of two days previous to the accident. He was hired as a driver to haul coal from the rooms on the cross entry to the main entry. It is alleged that he was driving in a careful and cautious manner; that the point of intersection was dark, unrelieved except by the light of his miner's lamp upon his cap; that,

8.

while thus driving in a careful and cautious manner, he could not see or hear the driver approaching on the main entry. He had the right to assume, in the absence of notice to the contrary, that the passageway was reasonably safe.

The complaint sufficiently shows that appellant knew of its failure to provide precautions against collisions. The appellant being charged with not having done a certain thing which it was its duty to do, the inference follows that it knew it did not do that thing. 2 Labatt, Master & Serv., §856, p. 2358; *George H. Hammond & Co.* v. *Schweitzer* (1887), 112 Ind. 246; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151; *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197; *Louisville, etc., R. Co.* v. *Utz* (1892), 133 Ind. 265; *Cleveland, etc., R. Co.* v. *Wynant* (1885), 100 Ind. 160; *Clark County Cement Co.* v. *Wright* (1897), 16 Ind. App. 630; *Chicago, etc., R. Co.* v. *Wagner* (1897), 17 Ind. App. 22; *Evansville, etc., R. Co.* v. *Malott* (1895), 13 Ind. App. 289; *Eureka Block Coal Co.* v. *Bridgewater* (1895), 13 Ind. App. 333; *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156. The demurrer was properly overruled.

That the verdict is contrary to law and not sustained by sufficient evidence are the reasons given for a new trial. There was evidence tending to support every material averment of the complaint. Among other facts shown are the following: The entry in which appellee worked was about seven feet wide and five feet high. He hauled two cars drawn by a mule. The cars were so close to the sides of the entry that they rubbed the ribs first on one side and then on the other of the entry. The coal was piled so high on the cars that it sometimes rubbed the roof. Appellee rode on the coupling between the cars, the only place where he could ride. He could not walk and drive his team. The entry was dark, except for a glimmering, smoky light made by the lard-oil lamp fixed in his cap. He did not see the

driver on the main entry until appellee got in the main entry. There was a big pillar between him and the main entry, preventing him while in.the entry from seeing any one on the main entry coming from the south. It was the custom to have a trapper or some kind of signal to every cross entry in the mines in which appellee had previously worked. There was nothing to prevent appellant from having a watchman at this particular point. Appellee did not get off his car to look as it reached the main entry. He testified that he had not had instructions from anybody to go out, on reaching the junction of the two entries, and look for an approaching car. If there was space sufficient to have enabled him, just before he drove on the tracks of the main entry, to have gotten off of his car and looked down the main entry, he did not see it. He relied upon signals or a watchman to give him warning.

Whether the plaintiff was guilty of contributory negligence in failing to leave his car and look for an approaching car was a question which properly might have been presented to the jury.

12. The instructions are not in the record, and it will be presumed that they were properly given.

Judgment affirmed.