## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HEINEMAN, ADMINISTRATRIX.

[No. 6,522.    Filed February 17, 1910.    Rehearing denied June 29, 1910.    Transfer denied October 11, 1910.]

1. MASTER AND SERVANT.—*Relation of.—How Shown.—Complaint.* —A complaint showing that the plaintiff's decedent had been employed by defendant railroad company for about four months, that at the time of the injury "said decedent was engaged as such yard conductor," and that he was killed while moving cars in defendant's yard, because of a defective car, sufficiently shows the relationship of master and servant. Myers, J., dissents.    p. 389.

2. PLEADING.—*Complaint.—Motion to Make More Specific.*—The remedy for uncertainty in a complaint is a motion to make more specific.    p. 390.

3. MASTER AND SERVANT.—*Employment.—Complaint.—Uncertainty. —Admissions of Facts.*—Where defendant railroad company admitted, on appeal, that plaintiff's decedent was in its employ at the time of his death, its objection that the complaint does not directly allege such employment, should not be held to constitute prejudicial error.    p. 390.

4. APPEAL.—*Reversible Error.*—A judgment will be reversed only for harmful error.    p. 390.

5. MASTER AND SERVANT.—*Line of Duty.—Complaint.—Conclusions.* —A complaint alleging that plaintiff's decedent was employed, by defendant railroad company, as yard conductor, that it became necessary for decedent to bring four empty coal-cars onto a side-track, and that in braking one of them the brake-shaft broke, throwing decedent under the car, to his death, sufficiently shows that decedent was acting within the scope of his duties when killed. Myers, J., dissents.    p. 391.

6. EVIDENCE.—*Judicial Notice.—Railroad Operation.*—Courts take judicial notice of the manner in which ordinary railroad business is conducted.    p. 392.

7. EVIDENCE.—*Judicial Notice.—Duties of Brakemen.*—Courts judicially know that the duty of a brakeman includes the handling of cars and the brakes thereon.    p. 392.

8. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.    p. 392.

9. TRIAL.— *Instructions.— How Considered.*— Where the instructions as a whole fairly present the case to the jury, mere incorrect expressions not affecting the substantial merits, cannot be held prejudicial.    p. 392.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Mary P. Heineman, as administratrix of the estate of George W. Heineman, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Leonard J. Hackney, Stuart, Hammond & Simms, Allison E. Stuart* and *Frank L. Littleton,* for appellant.

*George P. Haywood* and *Charles A. Burnett,* for appellee.

WATSON, J.—This is an action for damages on account of the death of appellee's decedent, averred to have been caused through the negligence of appellant. The complaint, as it comes here, consists of a single paragraph, to which a demurrer for want of facts was overruled. An answer in general denial was filed, a trial by jury had, a verdict for $6,000 returned, a motion for a new trial overruled, and a judgment rendered on the verdict.

The first error assigned challenges the action of the court in overruling the demurrer to the complaint.

Two points are made against it in this court. The first one is that it does not aver the existence of the relation of master and servant between appellant and decedent at

1. the time of the latter's death. The first averments of the complaint relative to the subject are to the effect that appellant is, and has been for more than twenty years past, a corporation duly organized and operating a line of railroad through the city of LaFayette; that it maintains in said city "a large number of tracks, turnouts, and switches, for storing cars thereon, and for making up freight-trains."

Plaintiff avers that "for about four months prior to March 28, 1906, said decedent, George W. Heineman, had been employed by said defendant in the several capacities of brakeman, switchman, and yard foreman, or yard conductor; that on said day, at about 12:30 o'clock a. m., plaintiff's said de-

cedent was engaged as such yard conductor in said city of
LaFayette.''

It is further shown that said decedent was, at the time
of his death, engaged in moving defendant's cars ''in the
yards of said defendant in the city of LaFayette,'' and that
he was killed because of a defect in one of said cars.   The
averments show employment in the capacities named, for
about four months prior to March 28; that on said date dece-
dent was working ''as such yard conductor'' in the defend-
ant's yards, doing the same work in which he had been en-
gaged for said four months.   In no view of the matter can
it be said that there is no averment upon the subject
2.   of his employment by defendant, and the remedy for
uncertainty is by motion to make more specific.   *Jones*
v. *State, ex rel.* (1887), 112 Ind. 193, 196; *Cleveland, etc., R.
Co.* v. *Wynant* (1889), 119 Ind. 539; *Brookville, etc., Turn-
pike Co.* v. *Pumphrey* (1877), 59 Ind. 78, 26 Am. Rep, 76;
*Holcraft* v. *Mellott* (1877), 57 Ind. 539; *Lewis* v. *Edwards*
(1873), 44 Ind. 333.

''If there was any embarrassing uncertainty as to the time
when the assessment was made, it could have been remedied
by motion, but was not reached by demurrer.''   *Hazzard* v.
*Heacock* (1872), 39 Ind. 172, 176. .

Furthermore, there is no dispute about the fact.   It is ad-
mitted.   Appellant in the first paragraph of its brief makes
the following statement:   ''On December 7, 1905, he
3..   [decedent] sought and obtained employment of ap-
pellant as switchman or helper in its yards at LaFay-
ette, which position he held until some time in the following
February, when he was promoted [to the position of] fore-
man or yard conductor, and remained in the latter position
until his death on March 28, 1906.''

Judgments are not reversed because of the sem-
4.   blance of error, but only where harmful error is made
to appear.   §407 Burns 1908, §398 R. S. 1881.

The second proposition relied on is that the complaint

"fails to show by a statement of facts that decedent was acting in the line of his employment at the time of the accident." We are not able to concur in this view.

There are a number of allegations as to what were the duties of decedent as yard conductor. It is not necessary, however, to give effect to such allegations in order to determine that decedent was acting in the line of his employment. Eliminating all possible conclusions, the complaint still shows, by direct averment, that decedent was employed, in the capacity named, in appellant's LaFayette yards; that such yards were used for the storing of cars and for making up freight-trains; that "it became necessary and proper for said decedent to bring four empty coal-cars onto a certain side-track, or switch, in the yards of said defendant at said city of LaFayette; that, with an engine and one car, said decedent went to where the four cars were standing, and caused them to be removed to the junction in the southern part of said city, and was in the act of causing said four coal-cars to be removed thence and placed in position on said side-track, or switch, when * * * it became necessary for him to put the brakes on said cars; * * * that among said four cars was a certain coal-car belonging to this defendant; * * * that the brake on said car, at the time of the accident complained of, consisted of a brake-wheel; * * * that it became necessary to set the brake on said car in order to stop said car and the other cars thereto connected, and to prevent said cars from moving from the place where they were to be placed, because of the fact that there was an incline or grade on the switch or side-track upon which said cars were so intended to be placed; * * * that decedent went to the necessary and proper place upon the platform of said car, and took hold of said brake-wheel to set the brake; that he had partly set said brake, but, in endeavoring to set the brake hard enough to stop said car at the proper place, and to hold said car in position, together with the cars thereto attached, the brake-shaft attached to

said brake and to said brake-wheel broke off about six inches above the platform of said car, and precipitated said decedent to the ground in front of the advancing cut of cars, * * * whereby he was run over by the wheels of the car on which he had been endeavoring to set said brakes, as aforesaid.''

These averments show that decedent was engaged in the work he was employed to do. Other averments describe the character of the work. Courts take judicial notice of the manner in which ordinary railroad business is conducted and of the everyday practical operation of railroads. *Cleveland, etc., R. Co.* v. *Jenkins* (1898), 174 Ill. 398, 51 N. E. 811, 62 L. R. A. 922, 66 Am. St. 296; *Dailey* v. *Preferred Masonic, etc., Assn.* (1894), 102 Mich. 289, 57 N. W. 184, 26 L. R. A. 171.

Courts know that a man employed as a brakeman has to do with cars and with brakes thereon. *Mason* v. *Richmond, etc., R. Co.* (1892), 111 N. C. 482, 16 S. E. 698, 18 L. R. A. 845. There was, therefore, no error in overruling the demurrer to the complaint.

Under the assignment that the court erred in overruling its motion for a new trial, appellant has discussed a number of questions. So far as such discussion relates to the evidence, it is sufficient to say that there was evidence, conflicting in some instances, supporting each material fact necessary to the verdict, and under the well-settled rule the weight of such evidence is not for this court.

A number of instructions given by the court are discussed. Appellee requested the giving of twenty-four written instructions, all of which were refused. Appellant requested the giving of twenty-five written instructions, of which nineteen were given and the remainder refused. In addition to the instructions given at the request of appellant, the court, of its own motion, gave thirty-six written instructions, which were evidently intended fully to

cover the proper requests made by each of the parties, and which do, in fact, state with correctness and accuracy the law applicable to the issues made in the cause, viewed from the different hypotheses claimed. Appellant criticises various sentences and detached phrases contained in the instructions given. It is manifest that such criticism cannot be accepted as the measure by which to determine the existence of a substantial error, for the reason that the instructions must be taken as a whole, and the defects suggested, when so viewed, are not harmful. The substance of the instructions requested by appellant are contained in those given by the court. A detailed and specific discussion of every objection made by appellant to the instructions in this case can be of no possible public advantage. If the trial of the cause, so far as instructions are concerned, is open to any criticism, it would be that the jury were over-instructed by the legal propositions contained in the pages of matter read to them.

Appellant evidently had a fair trial. It does not claim that the verdict was excessive, and the judgment is therefore affirmed.

Rabb, P. J., Comstock, Roby and Hadley, JJ., concur.

## Dissenting Opinion.

Myers, C. J.—I am unable to agree with my associates that the judgment in this case should be affirmed.

Appellee's complaint originally consisted of two paragraphs. On the trial of the cause the second paragraph was dismissed.

The first paragraph, after introductory allegations relating to the appointment and qualifying of appellee as administratrix, and the corporate capacity and business of appellant, and that it maintained in the city of LaFayette a large number of tracks, side-tracks, turnouts and switches, for storing cars thereon, proceeds as follows:

"Plaintiff avers that for about four months prior to March 28, 1906, said decedent, George W. Heineman, had been employed by said defendant in the several capacities of brakeman, switchman, yard foreman, or yard conductor; that on said day at about 12:30 o'clock a. m., plaintiff's said decedent was engaged as such yard conductor in said city of LaFayette; that his duties as such yard conductor were, with the use of a locomotive in charge of an engineer and fireman and with two assistants, to make up freight-trains, switch and store cars upon sidings, and move cars from place to place, place them in trains of cars, or take them out of trains of cars as might be desired; that it was the duty of said yard conductor not only to direct the movements in making up freight-trains, in switching and in placing cars in and out of trains, as aforesaid, but it was also his duty personally to assist in coupling and uncoupling cars, in switching and in setting brakes on said cars, and to do any and all things in connection with said work necessary for switching and placing of cars, as aforesaid; that as a part of his duties as such yard conductor, it became necessary and proper for said decedent to bring four empty coal-cars onto a certain side-track, or switch, in the yards of said defendant at said city of LaFayette; that, with an engine and one car, said decedent went to where said four cars were standing, and caused them to be removed to the junction in the southern part of said city, and was in the act of causing said four coal-cars to be removed thence and placed in position on said side-track, or switch, when, in the line of his duty, it became necessary for him to put the brakes on said cars;" that one of said cars, No. 25,261, belonged to defendant. The pleading then described a brake with an upright brake-shaft on one of the cars and alleged that it became necessary to set the brakes in order to stop the cars because of an incline or grade on the side-track on which it was intended to place the cars; that when decedent's duty called him to put the

brake on said car, he "went to the necessary and proper place upon the platform of said car, and took hold of said brake-wheel to set the brake; that he had partly set said brake, but, in endeavoring to set the brake hard enough to stop said car at the proper place, and to hold said car in position, together with the cars thereto attached, the brake-shaft attached to said brake and to said brake-wheel broke off about six inches above the platform of said car, and precipitated said decedent to the ground in front of the advancing cut of cars, to which said car  *  *  *  was attached, and upon the west rail of said switch, whereby he was run over by the wheels of the car of which he had been endeavoring to set said brake, and was instantly killed."

The complaint then contains allegations relating to the defective condition of the brake-shaft, knowledge of appellant, and want of knowledge on the part of appellee. Negligence is alleged.

Appellant's demurrer for want of facts to this paragraph of complaint was overruled, and this ruling is assigned as error.

In order that the objections urged against this pleading may be more clearly understood and appreciated, I have copied all that part of it bearing on the questions presented, without the aid of any word or added conclusion of my own.

The purpose of the allegations relating to the decedent's duties was to aid in showing such a relation and such a situation, and such occupation of the decedent as would raise a duty on the part of appellant toward the decedent. The facts creating such relation and imposing the duties specified are not claimed to have been stated positively and directly.

In this case it is contended that a fair construction of the language used in the pleading, together with the inferences arising from the facts alleged, is sufficient to warrant us in holding the pleading good as against the demurrer.

In this State the rule is firmly fixed, requiring plaintiff positively and directly to allege all of the essential facts nec-

essary to state his cause of action, unaided by recitals, conclusions or inferences. *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370, 378 and cases there cited; *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345; *Hay* v. *Bash* (1906), 37 Ind. App. 167; *South Bend, etc., Plow Co.* v. *Cissne* (1905), 35 Ind. App. 373; *Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App. 215.

In the books will be found expressions which seem to indicate that matters of inference may be considered when they necessarily arise from well-pleaded facts. But no case will be found holding that an essential fact necessary to support a pleading can be supplied by inference, when its sufficiency is tested by a demurrer for want of facts. The expression, "matters of necessary inference from well pleaded facts," has been, at times, misconstrued as opening the way for the courts, under the guise of what must be called judicial discretion, to consider facts drawn from inferences in support of pleadings. It ought not to require any argument to show the weakness of such a rule. In the very nature of things it would not be applied with the same limitations in all courts. The same conclusion would not likely be reached by two courts upon the same state of facts, and consequently any relaxation of the rule requiring facts to be directly and positively alleged to that extent furnishes an opportunity for confusion and for conflicting decisions, as well as a basis for contention between members of the bar as to whether certain stated facts in a pleading compel certain inferences to be drawn therefrom in aid thereof. The law governing pleading does not recognize such elastic rules. It does recognize and will give force to imperfect or uncertain allegations which may be made more certain by motion. Both a demurrer for want of facts and a motion to make more certain have well-defined meanings, but they perform entirely different functions; one cannot be successfully used to perform the office of the other.

In this case, the majority opinion proceeds upon the theory that enough facts are stated in the paragraph in question to enable the court to know what was intended by the pleader (§343 Burns 1908, §338 R. S. 1881), and for that reason it was sufficient. At common law, certainty in pleadings was required, and this rule has not been changed by our code. This requirement is met by a statement of the facts constituting the cause of action or grounds of defense, in such manner as to enable a person of common understanding to know what is intended. But the phrase, "to know what is intended," must be construed along with other settled rules of pleading, or, as said in the case of *Island Coal Co.* v. *Clemmitt* (1897), 19 Ind. App. 21, "so plainly and concisely worded that what is intended may be known from what is said in the pleading," and not what may be surmised from inferences. In other words, courts should take the language used by the pleader at what he says in determining what he thus intended.

One of the essential elements to sustain an action grounded on negligence is the existence of a duty on the part of defendant to protect plaintiff from the injury of which he complains. This duty must be made to appear from facts directly alleged, and cannot be left to depend upon recitals, conclusions or inferences. *Pittsburgh, etc., R. Co.* v. *Peck, supra; Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84; *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 17 L. R. A (N. S.) 542; *Robertson* v. *Ford* (1905), 164 Ind. 538; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *Chicago, etc., R. Co.* v. *Cobler* (1907), 39 Ind. App. 506; *Coal Bluff Mining Co.* v. *Akers* (1907), 39 Ind. App. 617; *Indiana Union Traction Co.* v. *Pring* (1908), 41 Ind. App. 247.

In the case of *Wabash R. Co.* v. *Hassett, supra,* it was held that an allegation, "that by the rules of appellant company certain things were required to be done and certain duties were imposed without pleading the rules themselves," was a

conclusion of the pleader; and that a general allegation, "that it was the duty of the engineer, fireman and flagman to do certain things," amounted to a conclusion of law.

In the case of *Chicago, etc., R. Co.* v. *Lain, supra,* it was held that a "direct statement that it was the duty of a defendant to do or not to do a certain act is a mere conclusion of law."

In the case of *Pittsburgh, etc., R. Co.* v. *Peck, supra,* it is said: "If this duty arose out of any rule or rules of appellant company, or out of any orders or directions given by it, or from anything which required the engineer in charge of the engine in question to be subject to the signal of plaintiff at that particular time, such fact ought to be alleged."

The case of *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* was an action by an employe—a locomotive engineer—who in the night-time was knocked down and run over by a mail-car belonging to appellant, which was being run backwards in appellant's yards. In the complaint it was alleged that plaintiff had been ordered to make a trip over appellant's road; "that, in obedience to said order, plaintiff, as was his duty under his employment, took his position at a point between the track on which his locomotive was standing and the track on which said mail-car was approaching, for the purpose of examining," etc. In that case it was said: "But here it is sought to be shewn that appellee was properly in a particular place, and he charges that it was his duty to be there under his contract of employment, thus attempting to characterize the contract without showing what the contract was. If a rule of the company required him to be at that particular point, the existence of the rule should have been pleaded, or, if it was necessary for him to be there in order to execute one of the details of his work, that should be alleged, or, whatever the fact might be which justified his presence at that point, it should be made to appear by an appropriate averment of fact."

In the case at bar there is no attempt to show that the

doing of the various acts said to be the duty of the decedent as yard conductor arose out of any rule or rules promulgated by appellant, or, out of any order or directions given by it, or, facts showing the nature of his contract with appellant. If, by either the rules of appellant or by its order, or if within the terms of decedent's contract, he was warranted in bringing four empty coal-cars onto a certain side-track in the yards of said defendant, facts should have been stated from which the court could say, without resorting to inferences, that at the time of his injury he was doing that which he was required to do, and that he was at a place where he was required to go or to be, thereby casting upon defendant the duty of protecting him from the injury which caused his death.

It will be noticed that it is not stated where the four empty coal-cars were at the time decedent took charge of them. It is not shown that they were then in appellant's yards, or on any of its tracks, but wherever they were, only one belonged to appellant, and all were removed to the junction in the southern part of the city of LaFayette, but at what junction or on whose tracks the cars were placed is not shown. It is not shown that the accident occurred in appellant's yards or while decedent was endeavoring to set the brakes on the car for the purpose of holding it in place on appellant's side-track, or switch. There is not the direct statement of a single fact showing that the work decedent was doing at the time of his injury was being done for appellant or under its direction. Without facts showing that decedent, at the time of his injury, was acting within the scope of his employment, the pleading should be held insufficient to withstand a demurrer for want of facts. *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307.

The pleading is defective, in that it fails to allege that on the day of the accident decedent was in the employ of appellant. It cannot be said that because he had been in the employ of appellant prior to a certain stated time it necessarily

follows that he was so employed after that time, solely from the fact that at a later period, but at the same city in which other companies were engaged in the same business as that carried on by appellant, he was acting in like capacity and doing like work as that which he was doing while in the service of appellant. *Wabash R. Co.* v. *Reynolds* (1908), 41 Ind. App. 678.

It is only by drawing inferences, and not from any positive statement of fact, that the court can say that decedent was at the time of his injury in the employ of appellant. The complaint should positively show that the relation. of master and servant existed at the time of the injury for which complaint is made. *Wabash R. Co.* v. *Beedle* (1910), 173 Ind. 437.

The majority opinion calls to its support §407 Burns 1908, §398 R. S. 1881, to which may be added §700 Burns 1908, §658 R. S. 1881. These sections deal with matters of form only, and not with matters of substance. The complaint was challenged by a demurrer for want of facts, and must stand or fall upon its own merits. *Friedersdorf* v. *Lacy* (1910), 173 Ind. 429; *Belt R., etc., Co.* v. *Mann* (1886), 107 Ind. 89; *American Plate Glass Co.* v. *Nicoson* (1905), 34 Ind. App. 643.

The judgment should be reversed.