BUSCHBAUM ET AL. *v.* THE NATIONAL BANK OF LOGANSPORT, TRUSTEE.

[No. 15,587. Filed November 25, 1936.]

*Charles E. Hale* and *Frank V. Guthrie,* for appellants.

*Benjamin F. Long* and *Charles E. Yarlott,* for appellee.

Wood, C. J.—On February 22, 1922, William P. Burkit, a resident of Cass County, Indiana, executed his last will. He died April 4, 1922, leaving that portion of his will, to wit: item five upon the terms of which the rights of the parties to this cause of action are dependent unrevoked and in full force and effect. April 10, 1922, this will, together with a codicil thereto executed March 1, 1922, was offered for probate in the Cass Circuit Court. The codicil in no way affects the rights of the parties to this controversy and will not be noticed further.

The only surviving legatees under said will interested in any way in this litigation made parties thereto are appellants, Virginia A. Buschbaum and her daughter Dorothy Buschbaum, daughter and grand-daughter respectively of the testator. Appellant Virginia A. Buschbaum filed a complaint in the Cass Circuit Court to contest the validity of said will. By the agreement of the parties to this action it was compromised and the will was admitted to probate. The terms of this compromise and the judgment entered pursuant thereto could in no way influence the final disposition which we make of this case, and we will not give it further consideration.

Item five of the will reads as follows: "All the remainder of my property of every kind and character, both real and personal, I give, devise and bequeath to the First National Bank of Logansport, Indiana, Trustee, in trust for the following uses and purposes and upon the following conditions, to wit:

"It is my expectation and intent that all of my property will consist of personal property, money, mortgages, notes, bonds, etc., I have contracted to sell all the real estate of which I am now the owner and not expecting to purchase any other real estate. Said Trustee

shall take and have all of said property and if any of said property shall consist of real estate said Trustee shall have full authority and power to sell the same, whenever it deems said sale advisable, on such terms and conditions and for such price as it may deem advisable, without any order from or report to or confirmation by any court, without any appraisement or notice. Said Trustee shall have full power to collect all notes, mortgages and other obligations, to reinvest all funds and keep said funds invested in such securities as it may deem best and proper, and said Trustee shall pay the net profits and income from all of said property to my said daughter, Virginia A. Buschbaum, as long as she shall live. Said payments to be made semi-annually.

"In case my said daughter shall die before the youngest child reaches the age of Twenty-five (25) years then and in that event said Trust shall continue on the same terms and conditions and with the same powers in said Trustee, until the youngest living child of my said daughter, Virginia A. Buschbaum, shall have reached the age of Twenty-five (25) years, and from then after the death of my said daughter and until the said youngest child shall have reached the age of Twenty-five (25) years of age.

"Income, proceeds and profits from my said property shall be paid semi-annually to the child or children of my said daughter, Virginia A. Buschbaum. If there be more than one of said children, the proceeds and income shall be divided equally between them.

"Upon the death of my daughter, if she· lives beyond the time when her said youngest child becomes Twenty-five (25) years of age, or upon the arrival of said youngest child at Twenty-five years of age, if the same occurs after the death of my said daughter, then this Trust shall cease and terminate and said Trustee shall pay the proceeds of said property and fund to the child and

children, then living, of my said daughter, Virginia A. Buschbaum.

"If there be more than one child, said property shall be divided equally between them. If any one of the children of said Virginia A. Buschbaum, my daughter, shall have died prior to the termination of this Trust, leaving a child or children, then the share of said deceased grandchild shall go to and be the property of the child or children of said deceased grandchild in equal shares. In case all of the children of my said daughter, Virginia A. Buschbaum shall die before the youngest of said children reaches the age of Twenty-five years, and without any of my grandchildren leaving issue, at the termination of this Trust, as herein specified, all of said property and funds shall be paid by my said Trustee to the Trustees or governing officers of what is known as the "Blue Ball" Church in Washington Township, Cass County, Indiana.

"In case no child or grandchildren of my said daughter, Virginia A. Buschbaum, shall be living at the time of her death, then this Trust shall terminate upon the death of my said daughter and said fund shall be paid to said church.

"In case Virginia A. Buschbaum, my daughter, shall have no children living at the time of her death, but should have a grandchild or grandchildren living, then this Trust shall continue until the youngest of said grandchildren of my said daughter shall arrive at the age of Twenty-one (21) years, at which time this Trust shall terminate, and in the meantime the proceeds arising from said property and funds shall be paid semi-annually after the death of my said daughter, Virginia A. Buschbaum, to said grandchild or grandchildren in equal shares."

June 17, 1935, the appellants brought suit against the appellee, as successor to First National Bank of Logans-

port, Trustee, to terminate said Trust, for a conveyance of certain real estate to appellant, Dorothy Buschbaum, subject to the life estate of Virginia A. Buschbaum, to account for and turn over to appellants all trust funds and to remove appellee as Trustee. In addition to setting out a copy of the will and codicil as exhibits to the complaint, it alleged that appellant, Virginia A. Buschbaum, was the only daughter of the testator and that she was fifty years of age; that the appellant, Dorothy Buschbaum, was the only child of Virginia A. Buschbaum and that she was nearly twenty-two years of age; that the appellee had failed to perform its duties as trustee in several particulars setting them out somewhat in detail.

To this complaint the appellee filed a demurrer for insufficiency of facts, which demurrer, omitting the title, reads as follows: "THE NATIONAL BANK OF LOGANSPORT, Trustee herein, hereby demurs to the amended petition of Dorothy Buschbaum and Virginia A. Buschbaum filed herein on June 17th, 1935, to terminate said Trust and convey said real estate to said Dorothy Buschbaum, for the reason that said petition does not state facts sufficient to constitute a cause, basis or reason for the closing or termination of said Trust, or the conveyance of said real estate, the particulars of which insufficiency are set out in Memorandum following.

LONG & YARLOTT,
Attorneys for Trustee.

## MEMORANDUM

"1. Said petition, which includes a copy of the last Will and Testament of said decedent, shows on its face that this trust cannot be closed or terminated as long

as Virginia A. Buschbaum, principal beneficiary under said trust lives.

"2. Said petition shows on its face that said Virginia A. Buschbaum is still living.

"3. Said petition shows that the only change made in the original Will by the decree of the court referred to is to provide for the termination of the trust when petitioner, Dorothy Buschbaum, becomes twenty-one years instead of twenty-five, as set out in the original Will; and further shows that the bequest in said original Will by which Virginia A. Buschbaum was made the principal beneficiary under this trust was in no wise altered or changed, and that this trust necessarily continues as long as said Virginia A. Buschbaum lives.

"4. There is no showing by this petition that petitioner, Dorothy Buschbaum, is the only child nor the youngest child of said Virginia A. Buschbaum, which fact cannot be determined until the death of said Virginia A. Buschbaum."

This demurrer was sustained. Appellants elected to abide by the ruling of the court on the demurrer and judgment was entered against them, that they take nothing by their complaint. They appeal assigning as error for reversal, the action of the court in sustaining said demurrer.

Appellant's first contention is that the demurrer does not conform to the requirements of the statute, is not properly signed by the attorneys, and therefore failed to present any question for the court's consideration.

The form of the demurrer is not to be commended, it contains much surplusage, but its language does challenge the sufficiency of the complaint to state a cause of action as required by clause five of Sec. 2-1007, Burns 1933, §111, Baldwin's 1934; *Hoy* v. *Bash* (1905); 37 Ind. App. 167, 76 N. E. 644. The objection that the demurrer

was not properly signed cannot be taken advantage of on appeal. *Plew* v. *Jones* (1905), 165 Ind. 21, 74 N. E. 618; 1 Watson's Works Practic, Sec. 375.

Appellants suggest in their brief that the duty rests upon this court to determine whether the complaint, which is in one paragraph, states one or several causes of action. That a single paragraph of complaint can state but one cause of action which must be predicated upon some definite theory is so well settled that the citation of authorities is unnecessary. We construe appellant's pleading in the instant case as a complaint to terminate a trust, predicated upon the terms of item five of the will.

We proceed to a construction of Item Five of the will. Rules which control courts in the construction and interpretation of wills have been announced by our Supreme Court and this court so many times, that it is not necessary to restate them nor to collect and cite authorities in support thereof.

The language of Item Five of the will is prolix and involved, but it is apparent from its terms that it was the purpose and intent of the testator to establish a trust over the remainder of the property in his estate after complying with certain terms of his will, for the use and benefit of his daughter, Virginia A. Buschbaum, and her children and grandchildren, if any surviving her, said trust to continue during the lifetime of Virginia A. Buschbaum, and if she shall die leaving a child or children surviving her all of whom are over the age of twenty-five years at that time, then said trust shall terminate, but if any of said children are under the age of twenty-five years at the time of the death of Virginia A. Buschbaum, then said trust shall continue until such time as the youngest of said surviving children reaches the age of twenty-five years, or in case Virginia A. Buschbaum shall die leaving no child or children surviv-

686

ing her, but leaving a grandchild or grandchildren surviving her, then this trust shall continue until the youngest of said grandchildren shall have reached the age of twenty-one years; the proceeds of said trust in the meantime to be paid to said grandchildren in equal shares. Or in case all the children of Virginia A. Buschbaum shall die before the youngest of them shall have reached the age of twenty-five years, leaving no children surviving them, then the trust shall terminate and the funds and property remaining therein shall be turned over to the trustees of "Blue Ball" Church, or in case no child or grandchild of Virginia A. Buschbaum shall be living at the time of her death then said trust shall terminate and the funds and property remaining therein shall be turned over to said church.

The complaint fails to allege the happening of any of the events, or the existence of any facts which would result in a termination of the trust created by said Item Five of the will pursuant to the terms thereof, and therefore failed to state a cause of action.

Finding no error, the judgment is affirmed.